**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Nabil N. GHALI, Defendant–Appellant.**

No. 01–3282.

United States Court of Appeals,
Sixth Circuit.

Sept. 10, 2002.

Before NORRIS and BATCHELDER, Circuit Judges; FORESTER, District

Judge.*

## OPINION

PER CURIAM.

Defendant Dr. Nabil N. Ghali appeals the sentence entered after his plea of guilty to one count of filing false income tax returns, 26 U.S.C. § 7206(1). He also appeals the district court's refusal to permit him to withdraw his guilty plea after the sentencing hearing. Finding no error in the district court's sentencing determination and no abuse of discretion in its refusal to permit defendant to withdraw his plea, we affirm the judgment.

The government filed a four-count indictment against defendant on February 23, 2000, charging him with filing false corporate income tax returns for Academy Medical Center, Inc. ("the Center") for the years 1993 through 1996 in violation of 26 U.S.C. § 7206(1). The indictment alleged that defendant, who was president of the Center, failed to report income totaling more than $969,000 for those years resulting in additional tax liability of $270,000.

Defendant ultimately pleaded guilty to count two of the indictment pursuant to a written plea agreement. The agreement stated that the relevant Sentencing Guideline sections were U.S.S.G. §§ 2T1.1 and 2T4.1, which provide for a base offense level of 14 based on a tax loss of more than $70,000. Defendant, however, reserved the right to argue for a lower tax loss in the agreement. The agreement further provided that the government would recommend a two-level reduction for acceptance of responsibility under § 3E1.1(a) of the Guidelines provided defendant cooperated in the investigation.

Sentencing was originally scheduled for January 19, 2001, but the district court granted defendant's motion for a continuance. Several days prior to the rescheduled hearing defendant filed a presentencing memorandum in which he renewed his argument that there was no actual tax loss to the government because of significant unclaimed cash expenses incurred by the Center. Among other sources of these expenditures, defendant included the names of two additional doctors, Drs. Weinburg and Siner, who he claimed had been paid in cash for numerous procedures at the Center. Defendant provided patient records which he claimed documented the procedures performed by these doctors.

The government contacted the Ohio Medical Board and determined that no doctors with the names provided by defendant were licensed to practice in Ohio. The government also determined that all of the procedures defendant claimed were performed by these two doctors were actually performed by two other doctors at the Center. The government filed a sentencing memorandum in which it contended that defendant's presentation of falsified records constituted obstruction of justice warranting a two-level enhancement under U.S.S.G. § 3C1.1. In addition, the government argued that defendant's actions were inconsistent with acceptance of responsibility and, therefore, that the court should not apply the two-level downward adjustment under U.S.S.G. § 3E1.1.

After a lengthy sentencing hearing, the court accepted the government's arguments and sentenced defendant to a base level of 14 under U.S.S.G. § 2T4.1 with a two-level enhancement for obstruction of justice under U.S.S.G. § 3C1.1, resulting

* The Honorable Karl S. Forester, United States District Judge for the Eastern District of Kentucky, sitting by designation.

in a base offense level of 16. Pursuant to these guidelines, the court sentenced defendant to 27 months in prison followed by one year of supervised release.

Defendant then moved to withdraw his guilty plea arguing that the government breached its plea agreement. The court denied the motion. Defendant appeals both his sentence and the court's denial of his motion to withdraw his guilty plea.

We review a district court's application of U.S.S.G. § 3C1.1 for clear error. *See United States v. Jackson–Randolph,* 282 F.3d 369, 390 (2002). The court's decision whether to apply U.S.S.G. § 3E1.1 is a factual question which we also review for clear error. *See United States v. Mahaffey,* 53 F.3d 128, 134 (6th Cir.1995).

■ Section 3C1.1 provides for the application of a two-level enhancement where "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing," and the obstructive conduct related to the offense. As noted above, the government presented evidence during the sentencing hearing that defendant falsely claimed that two additional doctors performed procedures which in fact other doctors had performed. Defendant admitted those records were incorrect at the sentencing hearing but contended that the mistake was inadvertent.

After hearing this and other detailed testimony concerning the records, the district court concluded that the extensive records and multiple changes presented by defendant amounted to "a clear effort here to make it well nigh impossible for anyone to interpret what happened [in the records] . . . ," and applied § 3C1.1 as a result. We do not think that the court committed clear error in coming to the conclusion that defendant deliberately attempted to create confusion through his manipulation of the records.

With respect to the acceptance of responsibility question, the court concluded that, rather than accepting responsibility, defendant had produced "a long string of excuses for what happened," and, therefore, refused to apply the downward adjustment under § 3E1.1. As the government points out, a defendant who obstructs justice is entitled to a reduction for acceptance of responsibility only in extraordinary cases. U.S.S.G. § 3E1.1, comment (n.4); *see also Mahaffey,* 53 F.3d at 135. Defendant has presented no argument that there is anything extraordinary about this case at all, much less one sufficient to show that the court's decision not to apply this adjustment was clear error.

■ Defendant also argues that the district court abused its discretion in refusing to permit him to withdraw his guilty plea after the sentencing hearing. We review a district court's denial of a motion to withdraw a guilty plea under an abuse of discretion standard. *United States v. Alexander,* 948 F.2d 1002, 1003 (6th Cir.1991). It is the defendant's burden to demonstrate that proper grounds exist for the granting of such a motion. *United States v. Bazzi,* 94 F.3d 1025, 1027 (6th Cir.1996).

We have set forth a series of factors to consider in determining whether the court's denial was an abuse of discretion. *Id.* All of the relevant factors in this case favor upholding the district court's denial of defendant's motion. Most significant in this respect are the fact that defendant waited until after the completion of his sentencing hearing to withdraw the plea despite notification by the government that it would argue for the enhancement prior to the hearing, and the fact that he does not contend that he is innocent of the underlying charge. Moreover, defendant

has failed to demonstrate any valid reason to justify the withdrawal of his plea. Accordingly, we are unable to say the district court abused its discretion in denying plaintiff's motion.

The judgment of the district court is **affirmed.**