*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 07a0115p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,

    *Plaintiff-Appellant,*

    *v.*

No. 05-2664

TIMOTHY KOSINSKI,

    *Defendant-Appellee.*

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 02-80563—Arthur J. Tarnow, District Judge.

Argued: November 15, 2006

Decided and Filed: March 22, 2007[*]

Before: KEITH and CLAY, Circuit Judges; MAYS, District Judge.[**]

---

## COUNSEL

**ARGUED:** Gregory V. Davis, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellant. Richard M. Lustig, RICHARD M. LUSTIG LAW OFFICE, Birmingham, Michigan, for Appellee. **ON BRIEF:** Gregory V. Davis, Alan Hechtkopf, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellant. Richard M. Lustig, RICHARD M. LUSTIG LAW OFFICE, Birmingham, Michigan, for Appellee.

    CLAY, J., delivered the opinion of the court, in which KEITH, J., joined. MAYS, D. J. (p. 9), delivered a separate concurring opinion.

---

[*] This decision was originally issued as an "unpublished decision" filed on March 22, 2007. The court has now designated the opinion as one recommended for full-text publication.

[**] The Honorable Samuel H. Mays, Jr., United States District Judge for the Western District of Tennessee, sitting by designation.

---

**OPINION**

---

CLAY, Circuit Judge.   Defendant, Timothy Kosinski, was convicted of one count of conspiring to defraud the Internal Revenue Service ("IRS") and to structure currency transactions to evade IRS reporting requirements, in violation of 18 U.S.C. § 371; five counts of submitting false federal income tax returns, in violation of 26 U.S.C. § 7206(1); and one count of structuring a currency transaction to evade IRS reporting requirements, in violation of 31 U.S.C. §§ 5324(a)(3) and 5324(d)(1).  Defendant was sentenced to a term of three years under probation supervision, with the condition that the first six months be served in a halfway house and that the second six months be served under home confinement.  The government appeals the district court's sentence.  For the following reasons, we **VACATE** the district court's sentence and **REMAND** this case to the district court for resentencing.

**BACKGROUND**

Defendant, a dentist, founded T.J. Construction ("T.J.") in 1992. *United States v. Kosinski*, 127 F. App'x 742, 743-44 (6th Cir. 2005) (unpublished opinion).  T.J. worked on construction projects with Melvin Phillips ("Phillips"), Phillips Contracting and Thyssen Steel.  Between 1996 and 1998, checks totaling $8,143,625 were drawn on T.J.'s business account and made payable to Phillips, but were deposited in Defendant's personal bank accounts.  Defendant and his associates withdrew money in cash, often engaging in multiple transactions on a single day.  They concealed the flow of this money by making numerous withdrawals of $9,500, an amount just under the IRS reporting threshold of $10,000.  Between January 1995 and May 1999, Defendant and his associates withdrew $7,676,000 in cash from his various personal accounts.  Although Defendant claimed tax deductions for the full amount of $8,143,625, indicating that he paid Phillips and other contractors in cash, at least $1,400,000 was never paid to Phillips Contracting.[1]

Defendant used T.J.'s business account to pay for construction work performed at his residence, his vacation home and his mother's house between 1996 and 1998.  *Kosinski*, 127 F. App'x at 744-45.  Defendant claimed deductions for the construction work performed in his homes and his mother's house on T.J.'s business income tax return.  On at least three occasions, Defendant paid his construction manager $5,000 in cash. *Id.* at 745.  Although the record is somewhat unclear about the date of these payments, they appear to have been made during the period of the conspiracy: 1995 to 1999.  The money was never reported to the IRS by any party.

On June 20, 2002, a grand jury returned an indictment against Defendant charging him with one count of conspiring to defraud the IRS and to structure currency transactions to evade IRS reporting requirements, in violation of 18 U.S.C. § 371; five counts of submitting false federal income tax returns, in violation of 26 U.S.C. § 7206(1); and three counts of structuring a currency transaction to evade IRS reporting requirements, in violation of 31 U.S.C. §§ 5324(a)(3) and 5324(d)(1).  On June 16, 2003, a jury found Defendant guilty on the first seven counts, but did not find him guilty on two of the three structuring counts.  On October 10, 2003, the district court sentenced Defendant using the sentencing guidelines to calculate the applicable sentencing range. The district court calculated the amount of Defendant's tax loss by a preponderance of the evidence. *Kosinski*, 127 F. App'x at 750.  The district court found that the offense level corresponding to

---

[1] Phillips and Phillips Contracting also appear to have engaged in a number of financial irregularities. Payments Phillips made to his employees did not reflect any tax withholding and Phillips Contracting did not file income tax returns with the IRS between 1995 and 1999.  In addition, Phillips maintained that he used cash to pay suppliers for construction material, but the suppliers denied having ever received cash payments.

Defendant's tax loss amount was nineteen and that the applicable sentencing guideline range was an imprisonment term of thirty to thirty-seven months. The district court awarded Defendant a downward departure resulting in an offense level of eighteen and an imprisonment range of twenty-seven to thirty-three months. Defendant was sentenced to two concurrent thirty month imprisonment terms and was also ordered to pay a $7,000 assessment, a $60,000 fine, and incarceration costs.

Defendant appealed his conviction to this Court on numerous grounds. S*ee Kosinski*, 127 F. App'x at 743-44. On March 22, 2005, this Court affirmed Defendant's conviction, but vacated the sentence because the district court used the sentencing guidelines as mandatory and "erroneously sentenced him based on facts not found by the jury, in contravention of *United States v. Booker*, 543 U.S. 220 (2005)." *Kosinski*, 127 F. App'x. at 750. The Court held that Defendant's sentence violated *Booker* because Defendant "was sentenced based on the amount of tax loss determined by the district court," rather than an amount found by the jury. *Id.* at 751. The Court found that "[w]ithout the district court's factual determinations of tax loss, the offense level would be 10, corresponding to a sentence of 6 to 12 months." *Id.* This Court remanded the case to the district court for resentencing.

On September 16, 2005, the district court held a resentencing hearing. At the resentencing hearing, the government argued that Defendant's offense level should be eighteen. The district court asked the government what the offense level would be if the Court was "limited to what was charged and the jury found." (J.A. 104) In its response, the government conceded that the offense level would be ten, but argued that "after *Booker* . . . [the sentencing court] can still go ahead and calculate a guideline range and guideline sentence, but its only advisory." (J.A. 105) With respect to the tax loss amount, the district court stated:

> I have read the Sixth Circuit opinion . . . . The Court certainly did say that [the district court's] method of computation of the tax loss was not clear error, clearly erroneous, plain error. It was okay, but then [the Sixth Circuit] noted that **under Booker [the district court] couldn't consider that [tax loss] amount because . . . [the jurors] weren't asked to find that specific amount.**

(J.A. 122) (emphasis added). The district court declined to calculate or consider Defendant's tax loss amount. The district court concluded that it did not have authority to depart from the sentencing guidelines and took offense level ten, "as [a] starting point and [found] that anything within [the sentencing guideline range of] six to 12 months would be reasonable." (J.A. 123) The district court sentenced Defendant to three years of probation supervision, with the condition that the first six months be served in a halfway house and that the second six months be served under home confinement. The government objected at the resentencing hearing arguing that the sentence was unreasonable.

On November 4, 2005, Defendant's counsel filed a motion to correct Defendant's sentence. At a hearing held on December 15, 2005, the district court acknowledged that it went over the guidelines, which provide for a $20,000 fine, by sentencing Defendant to a $60,000 fine. The district court also clarified its sentence:

> Defendant's Counsel: I want to say that the Court actually decided that if [the offense level] were an 18 or it were a 10, that you were using the factors in 3553.
>
> The Court: That's absolutely true. And just – I would – I have not reread the entire transcript. But I would hope that I had said that I

> give great weight to the guidelines and that's a starting point, and then I use the factors, and then I come to a result.
>
> Defendant's Counsel: The result is, however, within the guidelines, and –
>
> The Court: I understand that. **But as far as I understand *Booker*, obviously if it's within the guidelines, as I understand *Booker*, it's per se reasonable.** But it doesn't mean that a sentence outside of the guidelines is per se unreasonable.

(J.A. 137-38) (emphasis added). The district court entered its judgment on October 31, 2005. The government filed a timely notice of appeal on November 23, 2005.

On appeal, the government argues that Defendant's sentence is unreasonable. More specifically, it contends that the district court improperly concluded that it could not consider a tax loss amount that was not found by the jury in calculating Defendant's sentencing guideline range. The government maintains that the district court was required to determine the amount of tax loss and to use it in sentencing, and asserts that the district court improperly followed the instructions of the Sixth Circuit's remand in calculating Defendant's offense level and sentencing range.

## DISCUSSION

### I.        Standard of Review

This Court reviews a sentence imposed by a district court for reasonableness. *Booker*, 543 U.S. at 261-62; *United States v. Harris*, 397 F.3d 404, 409 (6th Cir. 2005); *United States v. Cage*, 458 F.3d 537, 540 (6th Cir. 2006). The Court reviews the district court's interpretations of the sentencing guidelines *de novo* and its factual finding for clear error. *United States v. Williams*, 411 F.3d 675, 677 (6th Cir. 2005); *United States v. Burke*, 345 F.3d 416, 428 (6th Cir. 2003). The Court defers to the district court's application of the sentencing guidelines to the facts. *United States v. Charles*, 138 F.3d 257, 266 (6th Cir. 1998).

### II.        The District Court Has Discretion to Calculate or Consider Defendant's Tax Loss

In the instant case, the applicable sentencing guideline is set forth in United States Sentencing Guidelines ("U.S.S.G.") § 2T1.9(a)(1). Section 2T4.1 of the sentencing guidelines sets forth offense levels based on tax loss amounts. The express language of the relevant statutes indicates that offense levels are either calculated under § 2T4.1, based on the tax loss amount, or set at ten. U.S.S.G. § 2T1.9. A review of the relevant statues reveals that the amount of tax loss is not an element of Defendant's offense, but rather is relevant to Defendant's sentence under the guidelines. *See* 18 U.S.C. § 371; 26 U.S.C. § 7206(1); 31 U.S.C. §§ 5324(a)(3) and 5324(d)(1).

Admittedly, it may have been appropriate for a district court to calculate the amount of tax loss and to use it in sentencing before *Booker*. *See, e.g.*, *United States v. Nash*, 175 F.3d 429, 339-440 (6th Cir. 1999) (finding that the district court properly calculated defendant's tax liability); *see also United States v. Ghali*, 47 F. App'x 281, 283 (6th Cir. 2002) (unpublished case). However, in light of *Booker*, the overwhelming case law authority indicates that resentencing is appropriate if a defendant is sentenced under a mandatory sentencing guideline regime and if the district court enhances the defendant's sentence based on factors not proven to a jury or admitted by the defendant. *See, e.g.*, *United States v. Jones*, 399 F.3d 640, 648-49 (6th Cir. 2005) ("[T]he Sixth Amendment is violated where, under a mandatory sentencing scheme, judicial fact-finding, as opposed to facts found by a jury, increases the sentence beyond the statutory maximum sentence which may be imposed solely on the basis of the facts reflected in the jury verdict or admitted by

the defendant.") (internal quotation marks omitted); *United States v. Paz*, 405 F.3d 946, 948 (11th Cir. 2005) ("[U]nder *Booker*, the Sixth Amendment right to trial by jury is violated where *under a mandatory guidelines system* a sentence is increased because of enhancement based on facts found by the judge that were neither admitted by the defendant nor found by the jury.") (emphasis in original). "The district court's reliance on judge-found facts to increase [a] defendant's sentence under *mandatory* guideline[s] violate[s] the Sixth Amendment." *United States v. Stephens*, 148 F. App'x 385, 388 (6th Cir. 2005) (unpublished case) (emphasis added); *see also United States v. Pree*, 408 F.3d 855, 874-75 (7th Cir. 2005) ("The Government concedes that the district court committed error that was plain in treating the guidelines as *mandatory* and enhancing [defendant's] sentencing range based on the court's findings of fact.") (emphasis added); *United States v. Harpole*, 168 F. App'x 182, 185 (9th Cir. 2006) (unpublished case) ("Because [defendant] was sentenced under *mandatory* Sentencing Guidelines, this judge-made finding of fact violated [defendant's] Sixth Amendment rights.") (emphasis added).

Thus, in enhancing a defendant's sentence based on factors not proven to a jury or admitted by a defendant, "[t]he district court [does] not violate *Booker* [if] it considered the guidelines to be advisory and not mandatory." *United States v. Redmond*, 188 F. App'x 377, 381 (6th Cir. 2006) (unpublished case); *see also United States v. Anderson*, 187 F. App'x 517, 521 (6th Cir. 2006) (unpublished case). Post-*Booker*, under the advisory sentencing guideline regime, a sentencing enhancement is constitutional as long as it is based on reliable information and supported by a preponderance of the evidence. *Redmond*, 188 F. App'x at 381.

This is not the first time this Court is asked to make a determination with respect to Defendant's sentence. *See Kosinski*, 127 F. App'x at 751. This Court previously found that the district court's original sentence violated *Booker* because Defendant "was sentenced based on the amount of tax loss determined by the district court," rather than an amount found by the jury. *Id.* It is important to note that Defendant was sentenced under a mandatory sentencing guidelines regime. Thus, by making factual determinations, "the district court did exactly what the Supreme Court found to be a violation of the Sixth Amendment in *Booker*: the district court engaged in independent fact-finding which enhanced Defendant's sentence beyond the facts established by the jury verdict or admitted by Defendant." *United States v. Davis*, 397 F.3d 340, 350 (6th Cir. 2005). In pertinent part, this Court found that:

> [t]his case is factually indistinguishable from *Booker* itself and thus resentencing is required. Booker was convicted by a jury of possessing at least 50 grams of cocaine. At sentencing, the district court determined that Booker possessed at least 616 grams of cocaine and sentenced him accordingly. Had Booker been sentenced on the jury's finding alone, the Guideline range would have been 210 to 262 months. Instead, based on the district court's finding that Booker possessed more cocaine, Booker received a sentence of 360 months. The Supreme Court concluded that because only 50 grams was argued to the jury, the sentence exceeded that authorized by the jury verdict and thus violated the Sixth Amendment. In this case, Kosinski was sentenced based on the amount of tax loss determined by the district court. The jury was never asked to determine tax loss. Without the district court's factual determination of tax loss, the offense level would be 10, corresponding to a sentence of 6 to 12 month. U.S.S.G. § 2T1.9. Applying the reasoning of *Booker*, the 30-month sentence Kosinski received plainly went beyond that authorized by the jury. We therefore conclude that Kosinski was sentenced in violation of the Sixth Amendment.

*Kosinski*, 127 F. App'x at 751 (citations omitted). Since Defendant was sentenced under a mandatory sentencing guidelines regime and the district court enhanced the sentence based on factors not proven to a jury or admitted by Defendant, this Court vacated Defendant's original sentence and remanded for resentencing.

At the resentencing hearing, the government asked the district court to 1) calculate Defendant's tax loss amount as a factual finding by a preponderance of the evidence, and 2) sentence Defendant at offense level eighteen. In turn, the district court asked the government what the offense level would be if the Court were "limited to what was charged and the jury found." (J.A. 104) In its response, the government conceded that, under U.S.S.G. § 2T1.9, the offense level would be ten, but argued that "after *Booker* . . . [the sentencing court] can still go ahead and calculate a guideline range and guideline sentence, but its only advisory." (J.A. 105) The district court found that it could not consider the previously calculated tax loss to determine Defendant's sentencing guideline range because the tax loss amount was not charged in the indictment and was not found by the jury beyond a reasonable doubt:

> [U]nder *Booker* [the district court] couldn't consider [the amount of tax loss it had originally determined under the sentencing guidelines] because that's more than the jury was asked to find; or, more accurately, they weren't asked to find that specific amount.

(J.A. 122) Since the district court concluded that it could not calculate or consider the tax loss amount, it took offense level ten, as set forth in U.S.S.G. § 2T1.9, "as [a] starting point and [found] that anything within [the sentencing guideline range of] six to 12 months would be reasonable." (J.A. 123) The district court sentenced Defendant to three years of probation supervision, with the condition that the first six months be served in a halfway house and that the second six months be served under home confinement. The government objected at the resentencing hearing, arguing that the sentence was unreasonable. We find that the district court erred in concluding that it could not calculate or consider Defendant's tax loss amount.

"*Booker* did not eliminate judicial fact-finding." *United States v. Coffee*, 434 F.3d 887, 898 (6th Cir. 2005). "It is clear under the law of this Circuit that a district court may make its own factual findings regarding relevant sentencing factors, and consider those factors in determining a defendant's sentence[.]" *United States v. Gardiner*, 463 F.3d 445, 461 (6th Cir. 2006). In the instant case, the district court erred in believing that considering Defendant's tax loss amount would violate the Sixth Amendment. "[W]hen a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant." *Booker*, 543 U.S. at 233. Thus, *Booker* does not bar the district court from calculating and considering the tax loss amount provided that the sentencing guidelines are used as advisory and not mandatory. More specifically, post-*Booker*, a district court may enhance a defendant's sentence "based upon facts not found by a jury, provided they do not consider themselves required to do so." *Davis*, 397 F.3d at 352 (Cook, J., concurring); *see also Anderson*, 187 F. App'x at 521. Defendant's sentence is, therefore, erroneous insofar as the district court calculated Defendant's sentence "while harboring the misapprehension that, under *Booker*, [it] could not enhance [Defendant's] sentence based upon factors that were not determined by the jury beyond a reasonable doubt." *Gardiner*, 463 F.2d at 461.

Therefore, the district court has discretion to calculate and consider the tax loss amount for sentencing purposes provided that 1) the district court does not consider itself required to do so, and 2) as long as the calculation is based on reliable information and supported by a preponderance of the evidence. *See United States v. Yagar*, 404 F.3d 967, 972 (6th Cir. 2005). Since the district court may – but is not required to – calculate or consider Defendant's tax loss amount, this Court takes no position as to the propriety of doing so in the instant case. Reversal here is required, not because

the district court failed to calculate or consider the tax loss amount, but because the district court was under the misapprehension that it simply could not do so. In light of the district court's discretion, nothing in this opinion should be construed as an endorsement of tax loss calculation or consideration. At resentencing, the district court should recognize and exercise its discretion to consider – or to not consider – Defendant's tax loss.

## III.    The District Court Failed to Consider the Sentencing Guidelines as Advisory

We find that the district court erred in applying the sentencing guidelines as mandatory. "In determining the sentence to be imposed, the district court must consider the advisory Guidelines range and all relevant factors identified in 18 U.S.C. § 3553(a)." *United States v. Jones*, 445 F.3d 865, 869 (6th Cir. 2006); *see also United States v. McBride*, 434 F.3d 470, 476 (6th Cir. 2006); *Jackson*, 408 F.3d 301, 304 (6th Cir. 2006) ("[D]istrict courts are required to consider the applicable Guidelines sentencing range when arriving at a defendant's sentence, 18 U.S.C. § 3553(a)(4), but only as one factor of several laid out in § 3553(a)."); *Booker,* 543 U.S. at 259 ("Without the 'mandatory' provision, the Act nonetheless requires judges to take account of the Guidelines together with other sentencing goals"). "[T]he district court's decision to deny a Guideline-based departure . . . is not reviewable by this Court so long as the district court was aware of and understood its discretion to make such a Guideline-based departure." *McBride*, 434 F.3d at 476; *see also Jones*, 445 F.3d at 868; *United States v. Stewart*, 306 F.3d 295, 329 (6th Cir. 2002). At the December 15, 2005 hearing, the district court noted that

> **as far as I understand *Booker*, obviously if it's within the guidelines, as I understand *Booker*, it's per se reasonable.** But it doesn't mean that a sentence outside of the guidelines is per se unreasonable.

(J.A. 137-38) (emphasis added). This statement illustrates a fundamental misunderstanding of *Booker*; nothing in *Booker* suggests that a sentence within the sentencing guideline range is per se reasonable. The sentencing guidelines are to be consulted and appropriately taken into account, but a reasonable sentence requires consideration of the factors set forth in 18 U.S.C. § 3553. "'A sentence within the Guidelines carries with it no implication that the district court considered the 3553(a) factors if it is not clear from the record.'" *United States v. Johnson*, 467 F.3d 559, 563 (6th Cir. 2006) (quoting *United States v. Foreman*, 436 F.3d 638, 644). "Absent [an] articulation on the record that the § 3553(a) factors were considered, we are unable to review Defendant's sentence for reasonableness, and we decline to find that a sentence within the Guidelines range is reasonable." *Id.* at 564; *see also United States v. Cage*, 458 F.3d 537 (6th Cir. 2006). Therefore, the district court simply cannot assume that a sentencing Defendant within the sentencing guidelines is per se reasonable.

In the instant case, we find that the record indicates that the district court was not aware of or did not understand its discretion to depart from the sentencing guidelines. The district court concluded that it did not have authority to depart from the sentencing guidelines, and applied the sentencing guidelines as mandatory, sentencing Defendant at offense level ten. The district court was not bound to go to offense level ten because the sentencing guidelines are advisory. *Booker*, 543 U.S. at 259. Since the district court applied the sentencing guidelines as mandatory, the district court's sentence violated *Booker*.

Furthermore, the district court failed to state facts which support its sentence. "The district court must articulate the reasons for the particular sentence imposed in order to enable this Court to engage in a meaningful reasonableness review of the sentence." *Jones*, 445 F.3d at 869. In the instant case, "the list [of characteristics] provided by the district court, without any accompanying analysis, is insufficient to justify the sentence imposed, as it renders our reasonableness review

impossible." *Jackson*, 408 F.3d at 305; *see also United States v. Williams*, 432 F.3d 621, 623-24 (6th Cir. 2005) (affirming downward departure at sentencing where the district court followed *Jackson*, considered the applicable sentencing guidelines, and provided a detailed analysis in support of its decision to depart). On remand, the district court should use facts from the record to support its sentence.

## CONCLUSION

The district court erred in sentencing Defendant. For the foregoing reasons, we **VACATE** the district court's sentence and **REMAND** this case to the district court for resentencing.

---

**CONCURRENCE**

---

MAYS, District Judge, concurring. I agree with the majority's conclusion that the district court's sentence must be vacated and the case remanded for resentencing. I agree also with the well-reasoned explanation for vacating the sentence. However, because I believe the majority erred in explaining how the district court should determine Defendant's sentence on remand, I respectfully offer this concurrence.

The majority has concluded that "the district court may – but is not required to – calculate or consider Defendant's tax loss amount" in sentencing. (Maj. opp., p. 6.) The Sentencing Guidelines do not give the district court that discretion. Section 2T1.9(a) explicitly instructs the judge to calculate a defendant's base offense level by "apply[ing] the greater" of the numbers that result from (1) using the tax table at § 2T4.1 to translate tax loss amount into an offense level, or (2) setting the base offense level at 10. The application notes explain: "The base offense level is the offense level [calculated using tax loss, if any] . . . if that offense level is greater than 10. Otherwise, the base offense level is 10." (USSG § 2T1.9 , comment (n.2).) Therefore, the trier of fact, here a judge, is required to determine the defendant's tax loss, and the judge must calculate a base offense level based on that amount. If the resulting base offense level is greater than ten, the judge is required to apply the greater base offense level. If the resulting base offense level is ten or less, the judge is required to set the defendant's base offense level at ten. In no circumstance is the judge free to choose one method of determining base offense level; he must use both methods, compare the results, and choose the greater.

Certainly, the district court would not be bound by the resulting guidelines, but failure to calculate the guidelines properly would be reversible error. *United States v. Davis,* 458 F.3d 491, 495 (6th Cir. 2006). Having calculated the guidelines properly, the district court may then revisit the tax loss amount in addressing the § 3553 factors and exercising its discretion.