**UNITED STATES of America, Plaintiff,**

v.

**John Earl KING, Jr., Defendant.**

**No. 06–20518–CR.**

United States District Court, S.D. Florida.

May 25, 2007.

Randy Hummel, Assistant United States Attorney, United States Attorneys Office, Miami, FL, for Plaintiff.

Leonard Sands, Esq., Sands & Moskowitz, Esq., Coconut Grove, FL, Larry Handfield, Esq., Roderick D. Vereen, Esq., Miami, FL, for Defendant.

### ORDER DENYING DEFENDANT'S MOTION FOR RELEASE PENDING APPEAL

K. MICHAEL MOORE, District Judge.

THIS CAUSE came before the Court upon the Eleventh Circuit's Limited Remand Order (DE # 83) to specify reasons for denying Defendant's Motion for Release Pending Appeal (DE # 66).

Having considered the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order.

### I. Background

On November 3, 2006, a jury convicted Defendant of three counts of tax evasion. Defendant is appealing his conviction and sentence to the Eleventh Circuit. Also, Defendant filed this Motion for Release Pending Appeal. The grounds for appeal listed in Defendant's Motion for Release are (1) that the Court denied Defendant his Sixth Amendment right to effective assistance of counsel by denying his Motion to Continue the trial date, (2) that the Court denied Defendant his Sixth Amendment right to have a jury decide issues concerning the amount of "tax loss," and (3) the Court erred in finding that Defendant employed "sophisticated means" to commit the crimes for which he was found guilty. Pl. Mot. ¶ 1. On January 30, 2007, the Court held a sentencing hearing in which the Court heard arguments from counsel on both sides concerning the Motion and the issues it raised. The Court indicated grounds sufficient for denying the motion. Sentencing Hearing Transcript (DE # 84) at 33–36. The Court now issues this Revised Order clarifying the reasons why the Motion is denied.

### II. Analysis

According to 18 U.S.C. § 3143(b), a judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—

(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and

(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—

(i) reversal,

(ii) an order for a new trial,

(iii) a sentence that does not include a term of imprisonment, or

(iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

In the present case, the Court finds that Defendant's appeal does not satisfy the requirements of 18 U.S.C. § 3143(b)(B) because it does not raise any substantial question of law or fact likely to result in reversal, a new trial, no imprisonment, or less imprisonment than the total of time already served plus the expected duration of the appeal process. In calculating the total time already served, the Court notes that Defendant was released on bond pending trial, so time already served is minimal.

Defendant's first ground for appeal listed in this Motion is that the Court denied him his Sixth Amendment right to effective assistance of counsel by denying his Motion to Continue the trial date. "[T]he Supreme Court has made clear that not every denial of a request for a continuance is a denial of due process." *U.S. v. Zangwill,* 197 Fed.Appx. 888, 891 (11th Cir. 2006) (citing *Gandy v. Alabama,* 569 F.2d 1318, 1322 (5th Cir.1978)). "[I]n light of the myriad scheduling burdens that a court faces in 'assembling the witnesses, lawyers, and jurors at the same place at the same time,' the Supreme Court has counseled that 'broad discretion must be granted trial courts on matters of continuances; only an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay violates the right to assistance of counsel.'" *Zangwill,* 197 Fed.Appx. at 891 (citing *Morris v. Slappy,* 461 U.S. 1, 11–12, 103 S.Ct. 1610, 75 L.Ed.2d 610 (1983)).

The Court has considered Defendant's reasons for requesting a continuance in Defendant's Motion to Continue (DE # 14), Defendant's Motion to Continue (DE # 18), Defendant's Supplemental Motion to Continue Trial (DE # 22), Defendant's Motion for Acquittal and/or a New Trial (DE # 48), Defendant's Motion for Reconsideration of Denial of Motion for Acquittal and/or a New Trial (DE # 61), and now in Defendant's Motion for Release Pending Appeal (DE # 66). In response to these Motions, the Court has determined again and again that Defendant's reasons for continuance did not justify a long delay. The earlier Motion to Continue (DE # 14) requested that the trial be scheduled for "no earlier than May or June 2007," which is six or seven months later than this Court had set the trial and much later than the Court usually schedules trial for a case of this type. The Motions to Continue (DE # 18 & DE # 22) did not specify a time for trial that would have been better, they merely requested the Court set the trial "to a later time," which coming after the first motion implied Defendant wanted more than the originally requested six or seven month delay. However, the Court did grant a more reasonable continuance of the trial by Order (DE # 30) after the second Motion to Continue (DE # 18). The Court believed and still believes that more time would have been an unreasonable delay, contrary to the interests of having a speedy trial, and a burden on the scheduling practices of the Court. Further, the Court believed that Defendant's attorneys were more than capable of providing a solid defense in the time they had been given. In fact, the attorneys did defend quite well, and Defendant was acquitted of four out of seven counts. All other factors considered as well, this Court decided it was best to have the trial when it did. Because the district courts are granted broad discretion in making this determination, the Court finds that, with this issue, Defendant does not raise a substantial question of law or fact likely to result in reversal, a new trial, no imprisonment, or less imprisonment than the total of time already served plus the expected duration of the appeal process.

Defendant's second ground for appeal listed in this Motion is that the

Court denied Defendant his Sixth Amendment right to have a jury decide issues concerning the amount of "tax loss." "[W]hen a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant." *United States v. Booker*, 543 U.S. 220, 233, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Thus, as recognized recently by the Sixth Circuit, "*Booker* does not bar the district court from calculating and considering the tax loss amount provided that the sentencing guidelines are used *as advisory and not mandatory.*" *U.S. v. Kosinski*, 480 F.3d 769, 776 (6th Cir.2007) (emphasis added). "More specifically, post-*Booker*, a district court may enhance a defendant's sentence 'based upon facts not found by a jury, provided they do not consider themselves required to do so.'" *Id.* (citing *United States v. Davis*, 397 F.3d 340, 352 (6th Cir.2005)). At the time of sentencing in this case, the Court was well aware of *Booker's* prohibition on considering the sentencing guidelines mandatory. In determining that the "tax loss" as calculated in the probation officer's report warranted an increase in sentence, the Court did not believe the guidelines mandated an increase in sentence. Rather, the Court found that facts supported the findings of tax loss, and noted that these facts would have warranted an increase under the guidelines. Judicially finding these facts and using the guideline increase only as advisory or as another indication that a higher sentence might be justified, the Court found, regardless of the guidelines, that the sentence imposed was warranted and correct. Therefore, the Court does not believe that Defendant's Sixth Amendment rights were violated and finds that Defendant does not raise any substantial question of law or fact likely to result in reversal, a new trial, no imprisonment, or less imprisonment than the total of time already served plus the expected duration of the appeal process. Further, even if Defendant is successful on appeal, this would only change the guideline by a couple of levels, so Defendant would still face imprisonment for longer than time served plus the appeal.

■ Plaintiffs third ground for appeal listed in this Motion is that the Court erred in finding that Defendant employed "sophisticated means" to commit the crimes for which he was found guilty. In Application Note 4 to § 2T1.1(b)(2) the term "sophisticated means" is defined as "especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense. Conduct such as hiding assets or transactions, or both, through the use of fictitious entities, corporate shells, or offshore financial accounts ordinarily indicates sophisticated means." The Court finds that the facts of this case as presented during Defendant's trial, provide an ample factual basis for the Court to conclude that the enhancement is applicable to his offense conduct. The Defendant classified checks from vendors as loans to his corporation which served to increase his shareholder's basis. By fraudulently increasing the basis, the Defendant allowed himself to take more money out of the business tax free. Defendant willfully misclassified checks in order to hide income or assets from the IRS. Defendant paid personal expenses from his corporate accounts and classified them as business expenses. Defendant had a company employee cash business checks and provide Defendant with the cash. For years, Defendant used his corporate debit card to withdraw cash from corporate accounts because there was no way to prove what happened with the money. Defendant diverted company funds by depositing corporate money into his personal bank account. Further, the Court adopted/

adopts the probation officer's findings on this issue as part of the Court's finding. (DE # 84 at 11). Therefore, the Court finds that Defendant does not raise any substantial question of law or fact likely to result in reversal, a new trial, no imprisonment, or less imprisonment than the total of time already served plus the expected duration of the appeal process. Further, even if Defendant is successful on appeal, this would only change the guideline by a couple of levels, so Defendant would still face imprisonment for longer than time served plus the appeal.

## III. Conclusion

For the foregoing reasons, it is

ORDERED AND ADJUDGED that Defendant's Motion for Release Pending Appeal (DE # 66) is DENIED.