**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0591n.06
Filed: August 15, 2007

**No. 06-5801**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | |
| *Plaintiff-Appellant*, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| **MICHAEL BLACK**, | ) | THE WESTERN DISTRICT OF |
| | ) | KENTUCKY |
| *Defendant-Appellee*. | ) | |
| | ) | |

**Before: CLAY and SUTTON, Circuit Judges; and GREER, District Judge.**[*]

GREER, District Judge.    Defendant, Michael Black, appeals his conviction and sentence. Black was convicted of various offenses related to receipt, possession, distribution and transportation of child pornography and of attempted use of a minor to produce child pornography. Black was sentenced to a term of imprisonment of 360 months and a life term of supervised release. For the reasons set forth below, we **AFFIRM** defendant's conviction and sentence.

**BACKGROUND**

In January, 2004, Chief Daniel Haueter (Haueter) of the New Waterford Police Department became involved in an investigation of computer related child exploitation offenses. On January 24, 2004, Haueter assumed the persona of a 15 year old girl with the screen name of "Tinagreeneyes2000" and entered an on-line chat room called "I like older men best." He created

---

[*] The Honorable J. Ronnie Greer, United States District Judge for the Eastern District of Tennessee, sitting by designation.

a profile for that screen name of a 15 year old, blonde, unmarried female student. Haueter was contacted quickly after entering the on-line chat room by a user with the screen name of "dads_here2003," later identified as Michael Black (Black).

Haueter and Black engaged in on-line chats using their respective screen names from January 24, 2004, until January 30, 2004. The "dads_here2003" profile identified Black with his name, residence (Kentucky), age and showed his picture. During the course of these chats, Black revealed that he had recently met another 15 year old girl, Steen (short for Christine), in Illinois and had sex with her at a Best Western motel. Black sent Haueter two pictures of Steen. Black used his webcam to display images of children engaged in sex acts and sent a picture of his erect penis. Black engaged in sexually explicit talk in these chats and suggested a meeting with "Tina" for shopping and maybe sex if "Tina" desired.

As part of the investigation, Haueter engaged a cleaning lady employed by the Village of Waterford to pose as "Tina" to make and receive telephone calls to and from Black. A meeting was arranged and, on January 30, 2004, Black traveled from Taylorsville, Kentucky, to New Waterford, Ohio, to have sex with "Tina" and to photograph the activity. Black was provided with a fictitious address on Taylor Avenue in New Waterford. Police began surveillance of Black when he arrived in New Waterford and followed him to Taylor Avenue. There they stopped Black's vehicle and arrested him.

Black consented to the search of his automobile and police seized, among other things, a digital camera, an external USB hard drive containing numerous images of child pornography, a lap

top computer, a box of condoms and a Teddy bear (fitting the description of a bear Black had promised to bring "Tina" as a gift). Black was transported to the sheriff's office in Lisbon, Ohio, where he was placed in a conference room.

Although Black had been orally advised of his constitutional rights at the scene of his arrest, Haueter repeated the advice and obtained a signed waiver of rights. Black indicated that he wished to speak with the officers and was interviewed by Haueter and Detective Allan Young (Young). While retrieving his wallet from a bag containing his personal belongings, Black activated a digital recorder. Black told Haueter that he had a prepaid legal card in his wallet, which Black asked if he could have. He removed the card from his wallet, looked at it, and put it either in his pocket or placed it on a chair. Black did not ask to call a lawyer or speak to a lawyer until he finished his statement.

Haueter and Young interviewed Black for about one hour and thirty minutes. Black admitted he visited the chat room "I like older men best," he used the screen name "dads_here2003" and he chatted with "Tinagreeneyes." He admitted asking "Tina" if she liked older guys and if she had had sex with an older guy.

On January 31, 2004, Haueter called Black's residence and advised Black's then wife of his arrest. Later that day, Black called his wife and told her to disassemble the hard drive of his home computer and to hide it outside their house. Black's wife attempted to comply with Black's request but was unsure how to do so and left for work with the computer partially disassembled. While she was at work, the computer was seized by Kentucky State Police (KSP) officers who

executed a search warrant. Haueter had contacted KSP for assistance in obtaining the warrant. The KSP also seized a webcam and a second computer. Forensic examination of one computer revealed images of child pornography. Black's wife later told KSP Detective David Brennan of Black's instructions to her concerning the computer.

After Black's arrest, Haueter was able to learn the identity of Steen and to obtain records from the Best Western motel in Greenville, Illinois confirming that Black was registered there during the time frame he had indicated. Steen testified at Black's trial. She met Black, using the screen name "dads_here" in the "I like older men" chat room. In January, 2004, when she was about 15 years old, she agreed to meet Black in her hometown. He picked her up in his car, told her his name was Michael and drove her to the Best Western motel in the nearby town of Greenville, Illinois. She refused Black's request for nude photographs but did have sexual intercourse with him.

Black testified at trial that he sold his computers to James Christiansen who later brought them back to Black for the installation of different hard drives. Black claimed he did not know there was child pornography on his computers and denied ever sending child pornography over the computer. Although Black admitted to the use of the screen name "dads_here2003," he blamed Christiansen for most of the chat text with "Tina." He also denied having sex with Steen.

Prior to trial, Black filed motions to suppress the evidence seized from his home and car and to suppress his recorded statement. The district judge referred the motions to a magistrate judge who recommended that the motions be denied. The district judge adopted the magistrate judge's recommendation. Black was convicted by a jury and sentenced to 360 months imprisonment.

On appeal, Black challenges both his conviction and sentence.

**DISCUSSION**

I.  **Admission of Black's Statement**

Black challenges the admission at trial of his statement made to Haueter and Young on January 30, 2004, the day of his arrest. More specifically, Black argues that his request to obtain his prepaid legal card from his wallet constituted a request for an attorney, after which officers could not continue to interrogate him.

The magistrate judge issued a thorough and well reasoned opinion on this issue which was adopted by the district judge. Having had the benefit of oral argument and having reviewed the parties' briefs and the applicable law, we find Black's argument to be without merit for the reasons stated in the magistrate judge's Findings of Fact, Conclusions of Law and Recommendation dated August 22, 2005. JA 48-96.

II.  **Admission of Evidence From the Search of Black's Residence Pursuant to the Kentucky Search Warrant.**

Black also challenges the admission at trial of certain items seized from his home on the grounds that the affidavit in support of the search warrant did not establish probable cause to search. Once again, we find Black's argument to be without merit for the reasons stated by the magistrate judge in his Findings of Fact, Conclusions of Law and Recommendation filed on August 22, 2005. JA 48-96.

No. 06-5801
*United States v. Black*

III.     **Admission of Laptop Comput**er **and External Hard Drive**.

A.      **Chain of Custody**.

Black challenges the admission of the contents of the laptop computer and external hard drive seized from his automobile on January 30, 2004, because, he argues, "[t]he evidence was clearly tainted and inadmissible because a [sic]of patent breach in the chain of custody." (Appellant's Brief at 33).   Black's argument on this issue lacks merit as well.

"Absent a clear showing of abuse of discretion, challenges to the chain of custody go to the weight of evidence, not its admissibility." *United States v. Levy*, 904 F.2d 1026, 1030 (6th Cir. 1990).   Where no evidence exists to indicate that tampering with an exhibit occurred, the court presumes public officers have properly discharged their duties. *United States v. Allen*, 106 F.3d 695, 700 (6th Cir.), *cert. denied*, 520 U.S. 1281 (1997).  "Merely raising the possibility of tampering is not insufficient to render evidence inadmissible." *United States v. Kelly*, 14 F.3d 1169, 1175 (7th Cir. 1994).

Here the government presented testimony about the seizure, inventory and custody of the laptop computer and external hard drive.  The defendant raised no question about the integrity of the evidence and defendant's counsel candidly admitted to the district court that he did not have "a reasonable good faith belief" that law enforcement had tampered with the evidence.  The district court permitted defense counsel to cross examine the witnesses about the chain of custody.  No abuse of discretion has been shown.

B.      **Need for Search Warrant to Access Content of Laptop and External Hard Drive**

We need not address this issue on the merits because we have no jurisdiction to hear appeals of suppression issues raised for the first time on appeal. *United States v. Critton*, 43 F.3d 1089, 1093-94 (6th Cir. 1995). A review of the defendant's motion to suppress filed in the district court reveals no mention of this issue. By his failure to raise this suppression issue pre-trial in the district court, the defendant has waived the issue. *United States v. Crismon*, 905 F.2d 966, 969 (6th Cir. 1990). Because the defendant has waived this issue, we are not required to consider the issue even under the plain error standard, and we decline to do so.

IV.     **Defendant's Sentence**

A.      **Judicial Fact Finding**

In calculating the advisory guidelines range for imprisonment, the district court applied the five level enhancement of USSG § 2G2.2(b)(6)[1] because the offense involved 600 or more images of child pornography. The government introduced at sentencing two computer disks containing 1908 still images and 11 video files containing child pornography seized from Black's computer. Black argues that the increased offense level violates his Sixth Amendment rights because the number of images involved was never submitted to a jury and proved beyond a reasonable doubt but rather was decided by the judge. Black's argument is unpersuasive.

*United States v. Booker*, 543 U.S. 220 (2005) "did not eliminate judicial factfinding."

---

[1]   The 2003 edition of the *Guidelines Manual* was used in this case. This section has been renumbered in the current edition of the *Guidelines Manual* as § 2G2.2(b)(7)(D).

*United States v. Coffee*, 434 F.3d 887, 898 (6th Cir.), *cert. denied*, 126 S. Ct. 2313 (2006). "It is clear under the law of this Circuit that a district court may make its own factual findings regarding relevant sentencing factors, and consider those factors in determining a defendant's sentence." *United States v. Gardiner*, 463 F.3d 445, 461 (6th Cir. 2006). "[W]hen a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant." *Booker*, 543 U.S. at 233. Simply put, *Booker* does not bar the district court from fact finding (*i.e.,* determining the number of images) using a preponderance of the evidence standard provided that the sentencing guidelines are used as advisory and not mandatory. Post-*Booker*, a district court may enhance a defendant's sentence "based upon facts not found by the jury, provided they do not consider themselves required to do so." *United States v. Davis*, 397 F.3d 340, 352 (6th Cir. 2005) (Cook, J., concurring); *see also United States v. Kosinski*, 480 F.3d 769, 776 (6th Cir. 2007).

In the instant case, the record clearly indicates that the district judge properly considered the sentencing guidelines as advisory and found the necessary facts to apply the enhancement. Therefore, we find that the district court properly applied the enhancement.

B.     **The Defendant's Eighth Amendment Challenge**

The defendant argues that his 30 year sentence is unconstitutionally disproportionate to the crime for which he has been convicted and constitutes cruel and unusual punishment under the Eighth Amendment. This Court reviews *de novo* a constitutional challenge to a district court's sentence. *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000).

In interpreting the Eighth Amendment, "[t]he Supreme Court has articulated a 'narrow proportionality principle' whereby it held that only 'extreme sentences that are grossly disproportionate to the crime are prohibited.'" *United States v. Flowal*, 163 F.3d 956, 963 (6th Cir. 1998) (quoting *Harmelin v. Michigan*, 501 U.S. 957, 995-97 (1991)). In *Harmelin*, the Supreme Court upheld Michigan's penalty of life imprisonment without parole for possession of more than 650 grams of cocaine. The Supreme Court reaffirmed this holding in *Ewing v. California*, 538 U.S. 11, 28 (2003) (rejecting argument that "sentence of 25 years to life is unconstitutionally disproportionate to [an] offense of shoplifting three golf clubs" (internal quotation marks and citation omitted)).

This Court has adopted the "narrow proportionality principle" set forth in *Harmelin*, and recognized that "only an extreme disparity between crime and sentence offends the Eighth Amendment." *Marks*, 209 F.3d at 583 (citing *United States v. Hopper*, 941 F.2d 419, 422 (6th Cir. 1991)). In *Marks*, a case where defendants were involved in nine armed bank robberies, this court upheld a 2,242 month sentence. *Id.* This Court has made clear that "strict proportionality between a crime and its punishment is not required." *Id.* (citing *Harmelin*, 501 U.S. at 959-60). Supreme Court precedents support this view. Indeed, in *Deal v. United States*, the United States Supreme Court upheld a 105 year sentence for six armed robberies finding that 18 U.S.C. § 924(c) requires enhanced consecutive sentencing. 508 U.S. 129, 132-33 (1993). Black cites no case in support of his argument. In view of the overwhelming Supreme Court precedent, we find that Black's sentence is not cruel or unusual.

## CONCLUSION

For the foregoing reasons, we **AFFIRM** defendant's convictions and sentence.