NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0100n.06

No. 07-6420

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

**FILED**

**Feb 16, 2010**

LEONARD GREEN, Clerk

UNITED STATES of AMERICA,

     Plaintiff-Appellee,

v.

TERRANCE COX,

     Defendant-Appellant.

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE WESTERN
DISTRICT OF TENNESSEE

_____ /

Before:  MARTIN and GIBBONS, Circuit Judges, and MARBLEY, District Judge.[*]

BOYCE F. MARTIN, JR., Circuit Judge.  Terrance Cox appeals his sentence for possession of a controlled substance with the intent to distribute in violation of 18 U.S.C. § 841(a)(1).  He argues that the district court erred by treating the career offender provisions of the Sentencing Guidelines as effectively mandatory.  However, the district court noted its discretion in applying a within-Guidelines sentence.  We, therefore, **AFFIRM** the judgment of the district court.

**I.**

On September 18, 2006, a federal grand jury returned an indictment charging Cox with possession of a controlled substance with the intent to distribute in violation of section 841(a)(1).  On June 28, 2007, Cox entered a plea of guilty.  After his plea, the U. S. Probation Office prepared a presentence report.  Based on the report's calculations, Cox's base offense level was 25.  However,

_____

[*] The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

Cox's criminal history category was VI because he had 12 criminal history points, qualifying him as a career offender and increasing his adjusted base level to 34. As he had accepted responsibility for his actions, he also qualified for a three level reduction. Thus, his adjusted base offense level was 31, producing an advisory guideline sentencing range of 188-235 months.

On November 19, 2007, Cox filed a position paper objecting to the presentence report, asking the district court to consider that his advisory sentencing range under the Guidelines would have been 70-87 months without the imposition of the career offender enhancement and requesting that the court sentence him to a term within that range. He argued that the increase in his base offense level based on his qualification as a career offender was excessive, especially as Congress, through the Sentencing Commission, had recently amended the Guidelines to address the crack/powder cocaine disparity in sentencing but had not addressed the alleged disparity in career offender sentencing.

A sentencing hearing was conducted on November 30, 2007. At the hearing, Cox requested that the district court vary below the Guideline calculations of the presentence report in consideration of the large increase in the Guideline range that occurred because of the application of the career offender enhancement. The district court ruled that the presentence report correctly calculated the Guideline range in accordance with an adjusted base offense level of 31 and a criminal history category of VI. The court noted that:

> Under his criminal history category, Mr. Cox had amassed nine criminal history points, as I've already addressed, for convictions involving sale of cocaine, cocaine with intent to sell and evading arrest, and then I believe the others were driving offenses that were a little later than that. He is also assessed two criminal history points for the fact that Mr. Cox committed the instant offense while on parole, as

well as one additional point for the fact that Mr. Cox committed the instant offense less than two years after release from prison, which would place—which would equal twelve criminal history points. That would normally place him in a criminal history category of V; however, under the status as a career offender, Mr. Cox's criminal history category would be VI. Under the advisory range, that would meet a range of 188 to 235 months.

The court is, again, also directed to consider the factors under 18 U.S.C. § 3553(a),which direct the court to impose, again, a sentence sufficient but not greater than necessary to accomplish the purposes set forth in paragraph 2.

The district court then reviewed the 18 U.S.C. § 3553(a) factors, noting several times that it has discretion in so doing and describing in some detail how it viewed each factor.

The district court acknowledged that Cox had requested a variance, but it denied his request for a variance or a departure, stating:

The court certainly is aware that Congress has been – it's been a number of years, certainly as long as I've been on the bench, has been debating and considering and reconsidering what a lot of people argue, a lot of attorneys and other, I guess, persons who follow the development of the guidelines and of the sentencing in federal court have argued against what appeared or apparently was the disparity between crack cocaine and cocaine. Recently, Congress has attempted to at least reduce that distinction or that difference.

And certainly, as Mr. Kitchen indicates, I suppose that Congress could have, at the same time, made some adjustments or changes in the career offender situation or status that would have reflected maybe that reduction or that difference or distinction but apparently did not choose to do so, or at least what we have here now is what we have. Although I recognize that it does impact a defendant in placing him or her in a higher category, Congress has seen fit to do that, and the court doesn't at this point believe that it should—or is in a position to[—]say that Congress has acted inappropriately or unconstitutionally or illegally.

I respectfully understand and determine—or understand what Ms. Smothers has argued, but I respectfully am denying the request to depart based upon what the court considers is Congress's right to impose these types of conditions and status as it seems appropriate.

> With that said, under the circumstances with the advisory range and considering the arguments of counsel as well as the record before it, the court believes an appropriate sentence in this matter, again considering all the factors that I've gone through under 3553(a), would be at the low end of the guideline range, and the court is going to impose a period of incarceration of 188 months.

The district court sentenced Cox to 188 months of incarceration followed by four years of supervised release. Cox timely appealed.

## II.

The standard of review for sentencing determinations is abuse of discretion. *Gall v. United States*, 552 U.S. 38, 46 (2007). We review sentencing determinations for both procedural and substantive reasonableness. A sentence is procedurally unreasonable if it is marked by "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Id.* at 51. "[A] sentence may be substantively unreasonable when the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors or gives an unreasonable amount of weight to any pertinent factor." *United States v. Borho*, 485 F.3d 904, 908 (6th Cir. 2007) (citation and quotation marks omitted).

> Section 3553(a) provides that, when imposing sentences, courts:

> shall consider . . . the nature and circumstances of the offense and the history and characteristics of the defendant [along with] the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense . . . to afford adequate deterrence to criminal conduct [and] to protect the public from further crimes of the defendant.

18 U.S.C. § 3553(a)(1-2). Sentences that fall within the advisory Guidelines range are afforded the

"rebuttable presumption of substantive reasonableness." *United States v. Erpenbeck*, 532 F.3d 423,

430 (6th Cir. 2008) (citing *Rita v. United States*, 551 U.S. 338, 345 (2007)).

### III.

Cox argues that, in saying that "I respectfully am denying the request to depart based upon

what the court considers is Congress's right to impose these types of conditions and status as it

seems appropriate," the district court did not understand its discretion to impose a below-Guidelines

sentence regardless of Congress' decision not to amend the career offender Guideline to reduce the

crack/cocaine disparity in sentencing. Cox suggests that this language demonstrates that the district

court was treating the career offender Guideline as effectively mandatory and as "per se reasonable,"

as we have previously found to violate *United States v. Booker*, 543 U.S. 220 (2005). *United States*

*v. Kozinski*, 480 F.3d 769, 777 (6th Cir. 2007).

However, the circumstances here are not so stark as in *Kozinski*, where the district court

stated definitively that a within-Guidelines sentence is "per se reasonable."[1] *Id.* Here, the district

court repeatedly noted its ability to vary from the advisory Guideline range and specifically and

clearly stated its reasons for imposing the sentence having considered the Guidelines and the other

---

[1] Moreover, while we recently held that a sentencing court *may* impose a sentence below the career offender guideline incorporating the statutory crack/powder cocaine ratio based on a policy disagreement with that guideline, *see United States v. Michael*, 576 F.3d 323, 327 (6th Cir. 2009), it is certainly not required to do so. *United States v. Smith*, No. 08-1494, 2009 WL 3486631, at *3 (6th Cir. Oct. 29, 2009).

section 3553(a) factors.[2]  It in no way stated that the Guidelines sentence was per se reasonable; instead, the court merely explained that it understood that Congress could set the initial point from which it was permitted to vary as necessary to address the problems associated with career offenders. Thus, in context, the district court's statements regarding Congress' failure to amend the career offender Guideline to address the crack/powder cocaine sentencing disparity did not show that the court believed the career offender Guideline to be mandatory.  Returned to its context, we understand the district court to be saying that Congress has a right to set the advisory Guideline range at whatever level it wants.  The court followed this explanation with the statement that "[w]ith that said, under the circumstances with the advisory range and considering the arguments of counsel as well as the record before it, the court believes an appropriate sentence in this matter, again considering all the factors that I've gone through under 3553(a), would be at the low end of the guideline range."  This demonstrates the district court's clear understanding that the career offender Guidelines were advisory and the court's discretion in setting an appropriate sentence.

---

[2]  Cox also argues in his pro se supplemental brief that the district court erred because:

> All of the 3553 factors were not reviewed . . . .  The small amount of priors were never included in the PSR investigation or barely mentioned if at all at sentencing. These are pertinent 3553(a) factors that were not mentioned at the United States Court - but the only mentioning made was that Mr. Cox had 3 prior felonies.

However, while the record must reflect that the district court considered the section 3553 factors, the district court need not give a detailed explanation of the factors so long as the court "satisf[ies] the appellate court that [the judge] has considered the parties' arguments and has a reasoned basis for exercising his own legal decision-making authority."  *Rita*, 551 U.S. at 356; *see also United States v. Madden*, 515 F.3d 601, 610 (6th Cir. 2008) (applying *Rita* and noting that a lengthy explanation is not required when a judge decides simply to apply the Guidelines to a particular case).  Here, the district court's detailed and specific recitation of the section 3553(a) factors demonstrates that the court considered the arguments and had a reasonable basis for exercising its discretion.

**IV.**

For the foregoing reasons, we **AFFIRM** the judgment of the district court.