# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

No.  97-4321WM

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri |
| Bob F. Griffin, | * | |
| | * | |
| Appellant. | * | |

## ORDER

Counsel for the United States has drawn our attention to a factual mistake in this opinion.  The opinion states that Mr. Griffin was acquitted of the RICO count, whereas in fact the jury was unable to reach agreement on that count.

Accordingly, the opinion is amended to correct this error, and the Clerk is directed to file an amended opinion containing the appropriate change.

This change does not affect the merits or the legal analysis, and the filing of the amended opinion does not supersede the running of the time period within which to petition for rehearing.

September 8, 1998

Order Entered at the Direction of the Court.

Clerk, U.S. Court of Appeals, Eighth Circuit.

# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 97-4321WM

_____

|  |  |  |
|---|---|---|
|  | * |  |
| United States of America, | * |  |
|  | * |  |
| Appellee, | * |  |
|  | * | On Appeal from the United |
| v. | * | States District Court |
|  | * | for the Western District |
|  | * | of Missouri. |
| Bob F. Griffin, | * |  |
|  | * |  |
| Appellant. | * |  |
|  | * |  |

_____

Submitted: June 9, 1998

Filed: August 17, 1998

Amended: September 8, 1998

_____

Before RICHARD S. ARNOLD and MORRIS SHEPPARD ARNOLD, Circuit
Judges, and PANNER,[1] District Judge.

_____

RICHARD S. ARNOLD, Circuit Judge.

On October 31, 1996, a grand jury returned a twenty-six-count indictment

_____

[1]The Honorable Owen M. Panner, United States District Judge for the District
of Oregon, sitting by designation.

against Bob F. Griffin and three other defendants, in which Griffin was charged with six bribery violations under 18 U.S.C. § 666(a)(1)(B) (1994), two mail fraud violations under 18 U.S.C. § 1341 (1994), and one violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962 (1994). At the time, Griffin was Speaker of the Missouri House of Representatives. After several weeks of trial in May and June 1997, a jury acquitted Griffin of three of the counts in the indictment, but was unable to reach a decision on the other six counts against him, including the RICO count.

The government was prepared to try Griffin again, and Cathryn Simmons and Michael Fisher, two defendants convicted in the first trial, agreed to testify against him. On the day the second trial was scheduled to begin, Griffin pleaded guilty to counts two and six of the indictment -- a bribery violation under 18 U.S.C. § 666(a)(1)(B), and a mail fraud violation under 18 U.S.C. § 1341. These two counts were related to a scheme in which Griffin recommended to members of the construction industry that they hire Cathryn Simmons to lobby on their behalf for a Motor Fuel Tax Bill being considered by the Missouri House of Representatives in January 1992. The indictment alleged that in return for this recommendation, Simmons gave Griffin two checks for $5,000 each. The District Court[2] sentenced Griffin to 48 months in prison, a $7,500 fine, and a $100 special penalty assessment. His sentence was based on a total offense level of 22 and a criminal history category of II, which carries a range of punishment of 46 to 57 months. The District Court calculated Griffin's base offense level using U.S.S.G. § 2C1.1 (1997), which governs the giving, soliciting, or receiving of bribes.

Griffin advances two arguments on appeal, both of which involve sentencing issues. He first argues that the District Court erred in applying U.S.S.G. § 2C1.1, and instead should have applied § 2C1.2, which governs the giving and receiving of illegal

_____

[2]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

gratuities.[3]  Griffin claims that he accepted gratuities from Simmons, and not bribes, because he received the illegal payments from Simmons after the acts for which he was paid -- recommending her as a lobbyist to construction interests -- had already been performed.

The statutory index of the Sentencing Guidelines, which specifies which Guidelines apply to various criminal statutes, lists both U.S.S.G. § 2C1.1 (bribes) and § 2C1.2 (gratuities) as applicable to violations of 18 U.S.C. § 666(a)(1)(B), the statute Griffin has admitted violating.  See U.S.S.G. App. A, at 421.  In this case, we agree with the District Court that § 2C1.1 was the applicable Guideline.  The distinction between a bribe and an illegal gratuity is the corrupt intent of the person giving the bribe to receive a quid pro quo, something that the recipient would not otherwise have done.  See United States v. Mariano, 983 F.2d 1150, 1159 (1st Cir. 1993); United States v. Muldoon, 931 F.2d 282, 287 (4th Cir. 1991).  We agree with the District Court that the evidence established the necessary quid pro quo, or payment of money by Simmons in exchange for Griffin's official actions on her behalf.  In his capacity as Speaker of the House, Griffin met with members of the construction industry and recommended that they employ Simmons as their lobbyist for the 1992 Motor Fuel Tax Bill.  Trial Tr. at 189-91, 624-25.  Griffin now admits that he made this recommendation with the understanding that Simmons would pay him for his efforts.  Griffin Br. at 15; App. at 66.  According to the Sentencing Guidelines' background notes, § 2C1.1 applies "to a person who offers or gives a bribe for a corrupt purpose, such as inducing a public official to participate in a fraud or to influence his official actions, or to a public official who solicits or accepts such a bribe."  U.S.S.G. § 2C1.1 application notes (background).  The evidence of an agreement to exchange Simmons's

_____

[3]If the district judge had applied U.S.S.G. § 2C1.2, Griffin's base offense level would have been 7, and the resulting Guidelines range would have been 33 to 41 months.  Because the Court applied § 2C1.1, Griffin's base offense level was 10, and his Guidelines range was 46 to 57 months.

money for Griffin's actions is sufficient to affirm the District Court's application of U.S.S.G. § 2C1.1.  Griffin was not merely paid after the fact for something he had already done, and would have done anyway.

We reject Griffin's argument that his illegal conduct involved a gratuity and not a bribe because he was not paid money before he made the recommendation that Simmons be hired as a lobbyist.  The core difference between a bribe and a gratuity is not the time the illegal payment is made, but the quid pro quo, or the agreement to exchange cash for official action.  To support his argument of a temporal distinction between bribery and gratuity, Griffin relies on United States v. Crozier, 987 F.2d 893 (2d Cir.), cert. denied, 510 U.S. 880 (1993).  We do not read that case as requiring that, to sustain a conviction for bribery, the government must prove that the bribe-taker be paid before he performs the illegal service.  In Crozier, the Court noted that 18 U.S.C. § 666(c) (1988), an earlier version of the statute Griffin has admitted violating, applied to anyone who "offers, gives, or agrees to give an agent of . . . a State or local government agency . . . anything of value for or because of the recipient's conduct . . .."  The Court concluded that the "for or because of" language in the older version of the statute could support "both past acts supporting a gratuity theory and future acts necessary for a bribery theory."  Crozier, 987 F.2d at 899.  And because the illegal conduct in Crozier involved an improper loan made to a government official, but without an intent to influence the official's present or future conduct, the Court noted that "the facts lean[ed] more toward a gratuity theory."  Id. at 899.  In Griffin's case, the facts are clear:  Griffin and Simmons agreed that he would be paid by Simmons for using his influence as Speaker of the House to steer business her way.  Nowhere in Crozier did the Court suggest that, in a case involving an agreement to exchange cash for official action, the illegal conduct amounts to a gratuity rather than a bribe when the wrongdoer receives the money after he performs the action, rather than before.  The Court merely held that the older version of 18 U.S.C. § 666 and the specific facts of Crozier supported the defendant's conviction under a gratuity theory.

Griffin next argues that the District Court erred in not granting him a two-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. This Court will not reverse a district court's decision not to apply U.S.S.G. § 3E1.1 unless the ruling "is so clearly erroneous as to be without foundation." United States v. Ngo, 132 F.3d 1231, 1233 (8th Cir. 1997). We commend Griffin for avoiding a second trial by pleading guilty to two charges, for voluntarily surrendering his license to practice law, and for publicly apologizing to his constituents. See App. at 65-66. However, we cannot ignore the fact that Griffin did not admit his wrongdoing until after his first trial, and that at the first trial, he strongly denied accepting any payments from Simmons in exchange for referring her to the construction interests. Trial Tr. at 2188. Given these facts, we cannot say that the denial of a reduction for acceptance of responsibility was clearly erroneous.

Affirmed.

It is so ordered.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-6-