# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2869

_____

United States of America,      *
     *
        Plaintiff - Appellee,      *    Appeal from the United States
     *    District Court for the
        v.      *    Western District of Missouri.
     *
Steven K. Bundy,      *     **[UNPUBLISHED]**
     *
        Defendant - Appellant.      *

_____

Submitted:  January 15, 2002

Filed:  February 21, 2002

_____

Before LOKEN, RICHARD S. ARNOLD, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Steven K. Bundy appeals his 51-month sentence for robbing a Kansas City bank in violation of 18 U.S.C. § 2113(a). He argues that he is entitled to a sentencing reduction for acceptance of responsibility because his trial counsel's inaccurate sentencing advice caused him to reject a favorable plea agreement. We affirm.

Bundy's first trial ended in a mistrial due to a hung jury. The jury found him guilty after a second trial, and his Presentence Investigation Report recommended a guidelines sentencing range of 51 to 63 months in prison. Bundy appeared at the

sentencing hearing represented by new appointed counsel. He testified that trial counsel had persuaded him to reject a plea agreement proposed by the government because his "worst case scenario" if he went to trial and lost would be a sentence of 26 months. Instead, he learned after his conviction that his least possible sentence with a guilty plea would have been 37 months. Bundy testified that he would have pleaded guilty had counsel provided accurate sentencing advice. Bundy also expressed remorse and admitted for the first time that he was guilty of the bank robbery offense. Based upon this testimony, defense counsel urged the court to grant a sentence reduction for acceptance of responsibility.

The district court[1] denied the reduction and sentenced Bundy to 51 months in prison, the bottom of his guidelines sentencing range. The court correctly concluded that the sentencing record would not permit a finding of ineffective assistance absent trial counsel's testimony as to the sentencing advice he in fact gave prior to trial. "Without such a finding," the court found "no basis for awarding acceptance of responsibility." We agree.

The adjustment for acceptance of responsibility "is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." U.S.S.G. § 3E1.1, cmt. n.2. Here, Bundy put the government to its burden of proof at two trials, and his girlfriend presented an alibi defense at the second trial. Thus, the district court's finding that Bundy's admission and remorse came too late to warrant an acceptance adjustment was not clearly erroneous. See

---

[1]The HONORABLE SCOTT O. WRIGHT, United States District Judge for the Western District of Missouri.

United States v. Griffin, 154 F.3d 762, 764 (8th Cir. 1998) (no clear error in denying acceptance adjustment to defendant who pleaded guilty after an initial trial).

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.