NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0078n.06
Filed: January 24, 2008

No. 07-5295

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| TERESA JONES, | ) | MIDDLE DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

Before: BOGGS, Chief Judge; GIBBONS, Circuit Judge; and BELL, District Judge.[*]

**JULIA SMITH GIBBONS, Circuit Judge.** Teresa Jones appeals her conviction and sentence for conspiring to commit bribery in violation of 18 U.S.C. § 666; accepting bribes of $5,000 or more in violation of 18 U.S.C. § 666 (a)(1)(B); and making a false statement to a government agent in violation of 18 U.S.C. § 1001(a)(2). Jones asserts that the district court erred by: (1) sentencing her pursuant to U.S.S.G. § 2C1.1 because the money paid to her was not a bribe; (2) convicting and sentencing her as a "public official"; (3) aggregating the bribes Jones received in

---

[*] The Honorable Robert Holmes Bell, Chief Judge of the United States District Court for the Western District of Michigan, sitting by designation.

1

determining Jones's sentence; and (4) imposing a disproportionate sentence.[1] For the following reasons, we AFFIRM Jones's conviction and sentence.

I.

This case arises from a bribery scheme conducted by certain workers at the Tennessee Department of Safety ("TDOS") and the Winchester Driving School ("Winchester"). From January 2004 to August 2004, Jones was employed by Adecco, a staffing placement company that provides workers to the State of Tennessee. From August 2004 to March 2005, Jones was an official employee of TDOS. During both time periods, Jones worked as a licensing clerk at the Rutherford County Driver's License Center for the State of Tennessee ("DLC"). Her responsibilities included administering written and computerized driver's license tests, taking pictures of applicants, and recording applicants' eye test results.

At Jones's trial, Shelia Robertson (a Winchester employee) testified that while working at the DLC, Jones accepted payments of $20 from Bryan Guess, the owner of Winchester, for each license applicant brought to Jones's counter by Winchester employees. In exchange for the $20 payments, Jones saw to it that Winchester students would obtain their licenses – for example by overlooking weak paperwork or eye tests, providing easier versions of written tests, and helping applicants pass the tests. Robertson testified that these payments began in April or May of 2004. Robertson also testified that beginning in January 2005, she maintained records on behalf of Winchester, and that Jones was paid $20 per student for 368 students from January through March 2005 – over $7,000 for that period alone. This testimony was corroborated by Guess.

---

[1] Although Jones's brief includes five "issues," the fourth issue appears to us to restate arguments she makes in earlier sections of her brief.

Jones and her codefendants Guess, Robertson, Shun Gao, and Bruce Conklin (a TDOS employee) were originally indicted for various bribery and conspiracy offenses. Guess, Robertson, Gao, and Conklin all pled guilty.

Jones was eventually indicted for: (1) conspiring to commit bribery concerning programs receiving federal funds in violation of 18 U.S.C. § 666; (2) accepting bribes of more than $5,000 in violation of 18 U.S.C. § 666(a)(1)(B); and (3) knowingly and willfully making a false statement to an FBI agent in violation of 18 U.S.C. § 1001(a)(2). A jury found Jones guilty on all three counts.

Jones's Presentence Investigation Report ("PSR") recommended a base level of 14 based on Jones's violation of 18 U.S.C. § 666 and the corresponding Guideline, U.S.S.G. § 2C1.1(a)(1), for a "public official." The PSR also added two levels pursuant to § 2C1.1(b)(1) because the offense involved more than one bribe; added 14 levels pursuant to § 2B1.1 because Jones was aware that the conspiracy involved bribes in excess of $400,000; added two levels pursuant to § 2C1.1(b)(4)(C) because Jones was a public official who facilitated the obtaining of a government identification document; and added two levels pursuant to § 3C1.1(A) because Jones obstructed justice. Jones effectively objected to each of these PSR determinations, with the exception of the enhancements for multiple bribes and for obstruction of justice.

At the sentencing hearing, the district court found that Jones was a "public official" pursuant to § 2C1.1. Accordingly, it began with a base offense level of 14. The district court found that there was not sufficient evidence to conclude that Jones was aware that the conspiracy involved bribes exceeding $400,000. However, based on FBI Agent Brian Fazenbaker's testimony, it found by a preponderance of the evidence that Jones had personally accepted bribes totaling approximately

$20,000. Therefore, the district court added four levels pursuant to § 2B1.1. Adding two levels because the offense involved more than one bribe, two levels because the offense involved a public official facilitating the obtaining of identification documents, and two levels for obstruction of justice, the district court reached an adjusted offense level of 24. Given Jones's criminal history category I, this resulted in a Guidelines range of 51- 63 months.

The district court also addressed Jones's argument regarding the proportionality of her sentence compared to her codefendants' sentences. The court explained that Guess had received a 14-level enhancement pursuant to § 2B1.1 (for accepting over $400,000 in bribes), which caused him to have a higher Guidelines range (133-168 months) than Jones. However, due to Guess's substantial assistance, he was sentenced to only 72 months. Gao, like Jones, had a Guidelines range of 51-63 months, but received only 18 months because of his assistance. Conklin had a range of 37-46 months, but because of his assistance received 18 months. Robertson's Guidelines range was 24-30 months, but she was sentenced to three years probation. Although the district court did not explicitly provide the reason for Robertson's reduced sentence at Jones's sentencing hearing, it noted that "all of these particular defendants got substantial assistance motions for various reasons."

The district court sentenced Jones to 60 months imprisonment. It explained that a Guidelines range sentence was appropriate because Jones's offenses "threatened the public safety with people on the road who were unqualified and not properly licensed." It also noted that "probation . . . would not be sufficient, and it wouldn't reflect the seriousness of the offense or deter others from doing such a thing." Finally, the district court explained that a sentence at the bottom of the Guidelines

range was "not appropriate because of these repeated acts of public corruption and because of the overall conduct in the case."

## II.

This court reviews a district court's interpretation of the Guidelines *de novo*, and the district court's findings of fact for clear error. *United States v. Kozinski*, 480 F.3d 769, 774 (6th Cir. 2007). The court defers to the district court's application of the Guidelines to the facts. *Id.* (citing *United States v. Charles*, 138 F.3d 257, 266 (6th Cir. 1998)).

## III.

Jones first argues that the district court erred by determining her base offense level pursuant to U.S.S.G. § 2C1.1, which pertains to accepting "bribes," rather than § 2C1.2, which pertains to accepting "gratuities." We disagree.

U.S.S.G. § 2C1.1 applies "to a person who offers or gives a bribe *for a corrupt purpose*, such as inducing a public official . . . *to influence* such individual's official actions, or to a public official who solicits or accepts such a bribe." U.S.S.G. § 2C1.1 cmt. background (2006) (emphases added). While a bribery offense sentenced pursuant to § 2C1.1 requires this type of *quid pro quo*, a gratuity offense sentenced pursuant to § 2C1.2 does not. *United States v. Canestraro*, 282 F.3d 427, 431 (6th Cir. 2002). This *quid pro quo* intent, rather than the timing of the payment, distinguishes bribes from gratuities. *United States v. Jennings*, 160 F.3d 1006, 1014 (4th Cir. 1998); *United States v. Griffin*, 154 F.3d 762, 764 (8th Cir. 1998).

Jones was indicted for and found guilty of corruptly accepting bribes "intending to be influenced [by]" and "in return for providing benefits to Guess, Robertson, and students of the

Winchester Driving School." Thus, the jury clearly found that a *quid pro quo* arrangement existed. Although Jones asserts that she was paid "for actions already taken," as *Jennings* and *Griffin* make clear, her intent to be influenced – regardless of the timing of payments – made the payments bribes. Accordingly, the district court properly interpreted and applied § 2C1.1.

IV.

Jones next argues that the district court erred in determining that she was a "public official." Although Jones's argument is less than clear, we might glean from it three separate contentions: (1) that 18 U.S.C. § 666, as applied in this case, is constitutionally overbroad[2] to the extent that no link between the state corruption and the use of federal funds was demonstrated; (2) that Jones's conviction was improper because she was not a "public official" pursuant to 18 U.S.C. § 666[3]; and (3) that the district court erred in sentencing Jones as a "public official" pursuant to U.S.S.G. § 2C1.1.

Although the first two issues pertain to Jones's conviction, she did not raise either of these issues before the district court. "In general, issues not presented to the district court but raised for the first time on appeal are not properly before the court." *Weinberger v. United States*, 268 F.3d

---

[2] Section 666 only requires that the State or agency whose agent accepts bribes receives "in any one year period, benefits in excess of $10,000, under a Federal program." 18 U.S.C. § 666(b). Here the parties stipulated to this fact.

[3] Section 666 does not include the term "public official." Thus, Jones may really be arguing that she is not "an agent of . . . a State . . . or any agency thereof," pursuant to § 666(a)(1). An "agent" is further defined as "a person authorized to act on behalf of . . . a government and . . . includes a servant or employee, and a partner, director, officer, manager, and representative." 18 U.S.C. § 666(d)(1). The Third Circuit has noted that the § 666(d)(1) list is not exhaustive, however, and that an "agent" includes an independent contractor who acts as a representative of the state. *United States v. Vitillo,* 490 F.3d 314, 323 (3d Cir. 2007).

346, 352 (6th Cir. 2001) (internal quotation and citation omitted).  Therefore, Jones can only prevail

on these arguments by showing that there has been "a manifest miscarriage of justice," which only

exists "if the record is devoid of evidence pointing to guilt."  *United States v. Hernandez*, 227 F.3d

686, 694 (6th Cir. 2000) (internal citations and quotations omitted).  Given the substantial evidence

regarding her corrupt actions while serving a public role as a TDOS employee and independent

contractor, Jones can make no such showing.  Therefore, we decline to  address the two issues

pertaining to Jones's conviction.

As to Jones's third contention, the district court committed no error in sentencing Jones as

a "public official." It concluded that Jones qualified as a "public official" pursuant to U.S.S.G. §

2C1.1(a), which establishes a base offense level of 14, and § 2C1.1(b)(4)(C), which provides a two-

level enhancement for a "public official who facilitated . . . the obtaining of a government

identification document."

The commentary to § 2C1.1 provides that the term "public official" should be "construed

broadly" and includes, *inter alia*, a person (1) "acting for or on behalf of a state government, or any

department, agency, or branch of government thereof," or (2) occupying "a position of public trust

with official responsibility for carrying out a government program or policy." U.S.S.G. § 2C1.1,

application note 1. As an official TDOS employee and as an independent contractor working for

TDOS, Jones acted "on behalf of a state agency," and had the "official responsibility" to issue

Tennessee driver's licenses pursuant to a "government program." Jones clearly falls within the

definition of "public official" provided by the Guidelines and provides no authority to suggest that

the Guidelines do not mean what they say. Thus, we conclude that the district court properly interpreted and applied § 2C1.1.

V.

Jones next argues that the district court erred in determining her Guidelines range by aggregating the bribes she received "over a two-year period." Evidently Jones contends that the district court should not have aggregated bribes that Jones received during the 2004 and 2005 calendar years. Jones appears to confuse the determination of whether a violation of 18 U.S.C. § 666 has occurred with the determination of a defendant's corresponding Guidelines range pursuant to § 2C1.1. Regardless, the district court committed no error in either regard.

A § 666 violation requires a defendant to have received $5,000 in bribes in any "one-year period." *See* 18 U.S.C. § 666(a) and (b); *United States v. Valentine*, 63 F.3d 459, 464 (6th Cir. 1995) (interpreting statute as allowing bribes to be aggregated during "one-year period"). A "one-year period" is defined as "a continuous period that commences no earlier than twelve months before the commission of the offense or that ends no later than twelve months after the commission of the offense." 18 U.S.C. § 666(d)(5). Thus, the "one-year time period" need not coincide with a calendar year. *See Valentine*, 63 F.3d at 463. In this case, all of the bribes at issue occurred during "a one-year period" – between April or May 2004 and March 2005. Even if there were a calender year requirement, the evidence showed that Jones accepted over $7,000 in total bribes during the first three months of 2005.

In determining the Guidelines range for a § 666 offense involving more than one bribe, a sentencing court is instructed to aggregate the amounts of separate bribes, and there is no similar

one-year limitation. U.S.S.G. § 2C1.1 (b)(2) & application note 2. After aggregating the bribes, the

court is instructed to increase the base offense level according to the table in § 2B1.1(b)(1). *Id.*

Here, the district court found, based on the testimony of Agent Fazenbaker, that Jones received

approximately $20,000 in total bribes. This finding was not clearly erroneous. The § 2B1.1(b)(1)

table provides for a four-level enhancement if the total amount of bribes is greater than $10,000.

Thus, in applying this enhancement, the district court properly applied § 2C1.1.

## VI.

Finally, Jones argues that her sentence is disproportionate to the sentences assigned to other

members of the conspiracy. Jones notes that her sentence (60 months) is longer than that of three

(Conklin, Robertson, and Gao) out of four of the other members of the conspiracy,[4] but argues that

she is "less culpable." Jones does not dispute, however, that her Guidelines range was increased

because she obstructed justice, or that her codefendants were given lesser sentences based on their

substantial assistance. In essence, Jones seems to argue that her sentence is unreasonable. But we

find nothing unreasonable about her within-Guidelines sentence.

Following *Booker v. United States*, we review sentences for reasonableness. 543 U.S. 220,

260-62 (2005). This review has both procedural and substantive components. *Gall v. United States*

---

[4] Jones also complains that others (Randy Wilson, Kelly Robertson, Alex Robertson, Gene Jennings, Wally Stern, and James Mason) were not prosecuted for fraudulently issuing third party certificates – the "most egregious conduct in this case," according to Jones. But Jones does not explain how the government's failure to prosecute others makes her sentence unreasonable or disproportionate. *See United States v. Reed*, 264 F.3d 640, 649 (6th Cir. 2001) ("[A] district court may not depart downward to adjust a defendant's sentence to achieve proportionality with an unindicted co-conspirator who cooperated with the government.")

*United States v. Jones*, No. 07-5295

522 U.S. ___, No. 06-7949, 2007 WL 4292116 at *7 (Dec. 10, 2007). Jones contests only the actual length, or *substance* of her sentence. *See United States v. Jones,* 489 F.3d 243, 252 (6th Cir. 2007). This court has explained that "a sentence may [be] substantively unreasonable where the district court select[s] the sentence arbitrarily, [2] bas[es] the sentence on impermissible factors, [3] fail[s] to consider pertinent § 3553(a) factors or [4] giv[es] an unreasonable amount of weight to any pertinent factor." *Id.* (citation and internal quotation omitted).

Because the district court imposed a within-Guidelines sentence, a rebuttable presumption of reasonableness attaches to it. *See United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006); *see also Rita v. United States,* 127 S.Ct. 2456, 2467 (2007) (approving of this presumption). Jones has not rebutted this presumption. She does not argue, for example, that the district court selected her sentence arbitrarily, on the basis of impermissible factors, or by giving unreasonable weight to permissible factors. *See Jones,* 489 F.3d at 252. In fact, Jones does not dispute the court's approach to *her* sentence at all. Instead, she criticizes the Guidelines for rewarding other defendants that provided substantial assistance. While a "district court may consider disparity in the sentencing of codefendants . . . a departure intended to achieve uniformity . . . is not appropriate when a basis for the disparity exists." *United States v. Walls,* 293 F.3d 959, 969 (6th Cir. 2002). Here, the district court explained the basis: that other defendants provided substantial assistance. Moreover, "a sentencing court may not depart downward to reconcile one defendant's sentence with another if the latter offered substantial assistance to the government while the former obstructed justice." *United States v. Reed*, 264 F.3d 640, 649 (6th Cir. 2001). Accordingly, we conclude that the district court's sentence was not unreasonable.

10

## VII.

For the foregoing reasons, we affirm Teresa Jones's conviction and the sentence imposed by the district court.