**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 06a0493n.06
Filed: July 13, 2006

**No. 05-5836**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) |
| v. | ) ON APPEAL FROM THE |
| | ) UNITED STATES DISTRICT |
| WILL EARNEST REDMOND, SR., | ) COURT FOR THE WESTERN |
| | ) DISTRICT OF TENNESSEE |
| Defendant-Appellant. | ) |

Before: BOGGS, Chief Judge; KEITH and SUTTON, Circuit Judges.

**PER CURIAM.** Will Earnest Redmond, Sr. ("Redmond") was convicted on 15 counts of aiding and assisting with the preparation of false and fraudulent income tax documents in violation of 26 U.S.C. § 7206(2) and 18 U.S.C. § 2. After his sentencing hearing, the district court sentenced him to 30 months incarceration; 1 year supervised release; and a $1500 special assessment. Redmond appeals. Because the district court did not err in calculating his advisory sentence under the guidelines and because the sentence was reasonable, we **AFFIRM**.

**I. Background**

On November 25, 2003, Redmond was indicted on 16 counts. Count 1 was for aiding and assisting with the preparation of false and fraudulent income tax returns for the 1999 tax period in violation of 26 U.S.C. § 7206(2) and 18 U.S.C. § 2. Counts 2-16 charged Redmond with violating the same statute but for different taxpayers and tax periods. The government later voluntarily dropped Count 13. On December 6, 2004, Redmond proceeded to trial.

At trial, Debbie Thompson ("Thompson"), the owner of a business that electronically files tax returns, with the Internal Revenue Service ("IRS"), Richard Wallace, the custodian of records for the IRS, and seven individuals, who had Redmond prepare their tax returns testified for the Government.

The IRS began its investigation into Redmond's wrongdoing when Thompson called the IRS regarding "red flags" she noticed in the electronic filings of one of her customers. Specifically, she explained that Redmond had prepared several IRS Schedule A forms for itemized deductions with the same deductions and dollar amount. At trial, the government's seven witnesses testified regarding numerous examples of false charitable gifts, business deductions, and other itemized deductions that Redmond aided and assisted them in filing. Redmond did not offer any proof at trial. On December 7, 2004, the jury convicted Redmond on fifteen of the charged counts.

The district court ordered a presentence report to be prepared for sentencing. The presentence report calculated the total relevant tax loss to be $517,485.00. In addition, the presentence report set Redmond's base offense level at 24 because of the following: the tax loss was greater than $400,000 but less than $1,000,000; Redmond was in the business of preparing tax returns; and Redmond obstructed justice by having clients submit false receipts during the IRS audit/investigation. Redmond had no prior criminal history and therefore his guideline range was 51 to 63 months.

At the sentencing hearing, the district court adopted these calculations. Redmond filed a brief objecting to the loss amount and obstruction of justice enhancement. He also argued for a non-guideline sentence. The government responded by asking the court to sentence Redmond according

to the computed guideline range. IRS agents testified on the government's behalf that false receipts were given to the IRS when they were conducting an audit of one of Redmond's clients. In response to the IRS investigation regarding deductions found on a tax return he prepared , Redmond created these receipts. Additionally, the IRS agents provided the district court with documentation of the amount of the IRS's total tax loss because of Redmond's tax preparation. The IRS claimed the total tax loss was approximately $549,000 based on two hundred suspicious tax filings. The district court determined that approximately $463,000 of the calculated tax loss amount was unreliable because it was based on a review of documents as opposed to interviews with actual taxpayers. As a result, the district court found only $86,299.87 in loss was accurate and supported by preponderance of the evidence. The revised offense level was calculated at 16 and the adjusted guideline range was therefore 33 to 41 months.

After the district court heard testimony from Redmond and his character witnesses, the court considered the factors in 18 U.S.C. § 3553(a) to determine an appropriate sentence. Redmond was sentenced to 30 months incarceration on each count, running concurrently; 1 year supervised release; and a $1500 special assessment.

## II. Analysis

This court reviews criminal sentences for reasonableness. *United States v. Booker*, 543 U.S. 220, 243-44, 123 S. Ct. 738, 756 (2005); *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005). In evaluating the reasonableness of a sentence, we accept the district court's findings of fact, unless those findings are clearly erroneous. *United States v. Gibson*, 409 F.3d 325, 341 (6th Cir. 2005).

This court in *Webb* noted that "review for reasonableness is not limited to consideration of the length of the sentence." *Webb*, 403 F.3d at 383. Instead, *Booker* instructs the appellate courts in determining reasonableness to consider not only the length of the sentence but also the factors evaluated and the procedures employed by the district court in reaching its sentencing determination. *Booker*, 543 U.S. at 246. Therefore, a sentence must be both procedurally reasonable and substantively reasonable. We can conclude on review that a sentence is unreasonable if either component is not properly satisfied. *Webb*, 403 F.3d at 383-385.

Redmond first argues that he deserves a remand for re-sentencing because the district court violated *Booker* by sentencing him based on allegations in the presentence report that were neither admitted by Redmond nor found beyond a reasonable doubt by a jury. In the alternative, he argues that he is entitled to resentencing because the district court sentenced him under a mandatory sentencing guideline regime. Both of Redmond's *Booker* arguments lack merit.

The defendant is correct that he would be eligible for resentencing had he been sentenced under a mandatory sentencing guideline regime and the district court enhanced his sentence based on factors not proven to a jury or admitted by the defendant. *See United States v. Davis*, 397 F.3d 340, 350 (6th Cir. 2005); *Booker*, 543 U.S. at 243-44. Under the advisory regime, according to *Booker* and this Circuit's subsequent case law, findings under the guidelines that increase the defendant's sentence are constitutional as long as they are based on reliable information and supported by a preponderance of the evidence. *United States v. Yagar*, 404 F.3d 967, 972 (6th Cir. 2005).

Here, the defendant was sentenced on May 23, 2005, four months after the Supreme Court handed down the *Booker* decision and well after the district court adopted its new federal sentencing rubric. The district court did not violate *Booker* because it considered the guidelines to be advisory and not mandatory. Redmond's argument to the contrary is disingenuous. Specifically, at the sentencing hearing Redmond's own attorney stated that the new advisory sentencing regime "is a developing area of the law. But right now [the Supreme Court] didn't do away with [the sentencing guidelines], they are doing away with the *mandatory* nature of them." (J.A. at 141.) (emphasis added).

## A. Procedural Reasonableness

Redmond challenges his sentence as procedurally unreasonable. Procedurally, Redmond focuses on the district court's determination of sentence enhancements, specifically his guideline increase for obstruction of justice and the determination of the amount of tax loss. A district court's error in calculating the advisory guidelines range can render the ultimate sentence unreasonable. In this case, we conclude that the district court did not err in its calculations and its sentencing procedure was reasonable.

### i. Obstruction of Justice

Contrary to Redmond's claim that the district court erred in finding he obstructed justice, we cannot hold that the district court's determination of fact was clearly erroneous. "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Regalado v. United States*, 334 F.3d 520, 524 (6th Cir. 2003) (internal quotation marks omitted). "As long as the district court has interpreted the evidence in a manner consistent with the

record, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *Id.* (quotation marks omitted). In the instant case, an IRS auditor testified that he personally interviewed two of the defendant's clients, who demonstrated that Redmond supplied them with false receipts for moving expenses. After the auditor challenged the authenticity of the receipts, the defendant's clients admitted that they were false and signed sworn affidavits stating that they never saw the receipts prior to Redmond providing them, nor did they use the moving company indicated on the receipt. The district court, after considering the above testimony, determined that there was sufficient evidence to apply the obstruction of justice enhancement. We agree. Accordingly, the sentencing court did not commit clear error in enhancing the sentence pursuant to the guidelines.

Additionally, Redmond's conduct certainly constituted an obstruction of justice. U.S.S.G. § 3C1.1 authorizes a two-level upward adjustment if *inter alia* the defendant "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction" and "the obstructive conduct related to . . . the defendant's offense of conviction and any relevant conduct . . ." U.S.S.G. § 3C1.1. The obstructive conduct must occur "during the course of the investigation . . . of the instant offense" and be "related to . . . the defendant's offense of conviction and any relevant conduct." *See United States v. Baggett,* 342 F.3d 536, 542 (6th Cir. 2003) (stating that the temporal requirement of U.S.S.G. § 3C1.1 requires "at least in an indirect sense, a nexus between the acts of obstruction and the crime of conviction"). The district court correctly determined that

Redmond's conduct of providing his clients with fraudulent receipts for expenses, to present to the

IRS auditor investigating his client's tax return, obstructed justice.

### ii. Amount of Tax Loss

Redmond also challenges the district court's determination of the amount of tax loss. Again,

we review the district court's factual findings for clear error. *United States v. Latouf,* 132 F.3d 320,

331 (6th Cir. 1997). The district court determined that there was slightly over $32,000 in tax loss

attributable to the defendant's preparation of fraudulent tax returns based on the evidence that was

presented at trial. At the sentencing hearing, an IRS Special Agent presented evidence of nearly

$549,000 of tax loss based on two hundred instances of suspicious tax filings. The district court

determined that $463,000 of the loss amount (instances 1-159) was unreliable because it was based

on a review of documents as opposed to interviews with actual taxpayers. Instances 160-200, which

had a combined tax loss of close to $86,000 (including the $32,000 found by the jury), were

determined accurate because the IRS agent interviewed each listed taxpayer to determine the

truthfulness of the tax return and the exact loss amount. Here, the district court exhibited sound

judgment in determining the amount of tax loss based on the appropriate standard of proof and did

not clearly err in making this determination.

In addition to properly deciding the sentence enhancements relating to the obstruction of

justice and the amount of tax loss, the district court properly completed all the other procedural

requirements. Accordingly, the sentencing judge made all the findings of fact necessary to apply

the guidelines to the defendant, calculated the guidelines sentencing range correctly, determined

whether to grant a downward departure or an upward departure from the guidelines, recognized his

discretion to issue a sentence that varies from the guidelines, considered the § 3553(a) factors, and gave a well-reasoned explanation for the sentence. *See United States v. Buchanan*, No. 05-5544, 449 F.3d 738-39 (6th Cir. 2006) (J. Sutton concurring). Redmond's sentence is therefore procedurally reasonable.

**B. Substantive Reasonableness**

Finally, Redmond challenges the substantive reasonableness of his sentence. While this Circuit has a rebuttable presumption of reasonableness when a defendant is sentenced within the guideline range, *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006), Redmond's sentence constitutes a variance. In this case, the applicable guideline range was 33 to 41 months for each count. The defendant received 30 months for each of the 15 counts of aiding and abetting in the preparation of false tax returns. The district court judge ordered that these sentences run concurrently. The district court certainly has the discretion to sentence Redmond to three months below the advisory guidelines. Here, the sentencing judge exercised his independent and deliberative judgment and concluded that 30 months was the appropriate punishment. The factors the district court considered in making its decision to depart included Redmond's apology, his service in the Vietnam and Persian Gulf Wars, the positive testimony of church and community members, the non-violent nature of the crime, the fact that the IRS would receive restitution for tax loss from Redmond's clients, as well as the § 3553 (a) factors. Under our new sentencing regime, trial judges are less robotic. They can show deference in their sentencing, as the judge did in this case, to the peculiar circumstances of the defendant and the nature of the offense. Although defense counsel argues valiantly that the sentencing judge's downward departure (three months below the

advisory guidelines) is substantively unreasonable because the departure was not great enough, his

efforts are to no avail. Redmond's sentence is clearly reasonable and well within the discretion that

the district court has in sentencing.

### III. Conclusion

For the above reasons, we **AFFIRM**.