*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 08a0164p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

No. 07-5229

GREGORY D. GOOSBY,

*Defendant-Appellant.*

>

Appeal from the United States District Court
for the Western District of Tennessee at Memphis.
No. 06-20127—Jon Phipps McCalla, Chief District Judge.

Argued: March 18, 2008

Decided and Filed: April 24, 2008

Before: RYAN, SILER, and COLE, Circuit Judges.

---

## COUNSEL

**ARGUED:** Arthur E. Quinn, THE BOGATIN LAW FIRM, PLC, Memphis, Tennessee, for Appellant. Stuart J. Canale, ASSISTANT UNITED STATES ATTORNEY, Memphis, Tennessee, for Appellee. **ON BRIEF:** Arthur E. Quinn, THE BOGATIN LAW FIRM, PLC, Memphis, Tennessee, for Appellant. Stuart J. Canale, ASSISTANT UNITED STATES ATTORNEY, Memphis, Tennessee, for Appellee.

---

## OPINION

---

SILER, Circuit Judge. Defendant Gregory Goosby appeals his jury conviction and sentence on thirty counts of willfully aiding or assisting in the preparation and presentation of false or fraudulent income tax returns under 26 U.S.C. § 7206(2). He challenges (1) the sufficiency of the evidence, (2) the district court's evidentiary ruling on a motion in limine, (3) the jury charge regarding IRS publications, and (4) the reasonableness of his sentence. We AFFIRM.

## BACKGROUND

Goosby operated a tax preparation business or, as he would characterize it, an electronic tax-filing center from his home. Goosby's business prepared 558 returns in 1999, 877 returns in 2000, and 1,435 returns in 2001. In 2006, Goosby was indicted on thirty-three counts of violating 26 U.S.C. § 7206. The government dismissed three counts, and Goosby was found guilty on the remaining thirty counts. He was sentenced to a 46-month term of imprisonment.

The witnesses at trial included IRS employees, numerous taxpayers, and several of Goosby's former employees. The trial began with testimony to explain the background of the IRS investigation. Investigative Analyst Carl Gibeault explained that he received a list of tax return preparers for the region that included Goosby's business. Gibeault used a computer program that allows him to review all the returns by a given tax preparer and rank the returns by amount of refund. He then compared the ratio of adjusted gross income to the amount of deductions; a high ratio is an indicator of potential fraud. Gibeault found a high ratio for returns prepared by Goosby's business and referred the case for further investigation.

The taxpayer witnesses testified to similar experiences in their dealings with Goosby's tax preparation business. The greatest areas of commonality concerned how the taxpayers came to employ Goosby's business, what they experienced while meeting with Goosby or his employees, their reliance on Goosby's business to properly prepare their returns and determine their entitlement to deductions, and the type and number of deductions on their returns. Eighteen of the taxpayers testified that they relied on Goosby to properly prepare their tax returns. At least ten of these taxpayers met or talked with Goosby in person and provided him with documents and/or answered questions asked by Goosby. The remaining taxpayer witnesses met with Goosby's employees and provided them with documents and/or answered questions asked by the employees. Most of the taxpayers testified that neither Goosby nor his employees reviewed the completed tax returns with them, and most did not receive a copy of their return from Goosby or his employees as IRS regulations require.

During the trial, the taxpayers were shown copies of their returns, and all identified deductions for which they had provided no information or deductions that were based on answers given to Goosby or his employees in response to questions. They identified numerous false or inflated deductions of which they were unaware. Nearly all of the taxpayers identified false deductions for personal property taxes and/or false charitable contribution deductions. Most also identified false or inflated reporting of un-reimbursed employee expenses—generally, some combination of deductions for cell phones, computers, internet access, extra phone lines, uniforms, dry cleaning, laundry expenses, work boots, mileage, meals, entertainment, and travel. Instead of providing the information needed to properly determine whether they were eligible for specific deductions, most of the taxpayers testified that they were simply asked questions about how far they drove to work and how much they paid for items such as cell phones and computers. Their tax returns then claimed deductions for the full cost of these items. As a result of the false deductions, most of the taxpayers were audited or voluntarily filed amended tax returns, and most paid thousands of dollars in additional taxes.

One of the taxpayers, Idella Branch, filed a tax return that contained only one deduction, for gambling losses. In 2001, she won two jackpots totaling approximately $163,000 and took home around $104,000 after taxes. Branch testified that she loaned approximately $55,000 to family members and spent or gambled away the rest. Her tax return, prepared by Goosby, reported $162,886 of gambling losses, thereby entitling her to a refund of the previously withheld taxes. Branch testified that it was impossible for her to have lost that amount and that she never told Goosby she had lost that amount.

The employee witnesses all testified that they were data entry personnel. Their job was to enter data into a computer program that filled out the customers' tax returns. They had no training in tax preparation. Several employees testified that they relied on Goosby to determine whether particular items were deductible; others testified that the returns were reviewed, presumably by Goosby, before being submitted to the IRS. Some of the employees testified that they asked customers questions about mileage and how much they paid for items such as uniforms, cell phones, and computers; these amounts were either recorded and passed on to someone else or entered directly into the computer program.

Goosby testified at the trial and denied any wrongdoing. He denied that he was a tax preparer and admitted to preparing only one tax return, a 1999 amended return. He essentially accused the taxpayer witnesses of lying.

## DISCUSSION

### A. *Sufficiency of the Evidence*

When a defendant claims there is insufficient evidence to support a conviction, we must decide "whether, after viewing the evidence in a light most favorable to the government, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Gardner*, 488 F.3d 700, 710 (6th Cir. 2007). A conviction will be reversed based on insufficient evidence only if it is "not supported by substantial and competent evidence upon the record as a whole." *United States v. Barnett*, 398 F.3d 516, 522 (6th Cir. 2005). Furthermore, "[c]ircumstantial evidence alone, if substantial and competent, may support a verdict and need not remove every reasonable hypothesis except that of guilt." *United States v. Tarwater*, 308 F.3d 494, 504 (6th Cir. 2002) (quoting *United States v. Humphrey*, 279 F.3d 372, 378 (6th Cir. 2002)).

Goosby was convicted of thirty violations of 26 U.S.C. § 7206(2). An offense under § 7206(2) has three essential elements:

(1) that defendant aided, assisted, procured, counseled, advised or caused the preparation and presentation of a return;

(2) that the return was fraudulent or false as to a material matter; and

(3) that the act of the defendant was willful.

*United States v. Sassak*, 881 F.2d 276, 278 (6th Cir. 1989) (quoting *United States v. Hooks*, 848 F.2d 785, 788-89 (7th Cir. 1988)). Goosby argues that the evidence is insufficient with respect to the second and third elements—materiality and willfulness.

### 1. *Willfulness*

The element of willfulness requires the government to prove an "intentional violation of a known legal duty." *Sassak*, 881 F.2d at 280 (citing *United States v. Pomponio*, 429 U.S. 10, 12-23 (1976) (per curiam)). Goosby claims that the government failed to prove he intentionally violated the law. However, viewing the evidence in the light most favorable to the government, it is sufficient to permit a finding that Goosby intentionally assisted in the filing of false or fraudulent tax returns. The taxpayer witnesses came to Goosby, or to his business, to have their taxes prepared. They were assisted by either Goosby or one of his employees. The taxpayers relied on Goosby to determine what deductions were legal and proper, and some of the employees explicitly testified that they also relied on Goosby to determine the propriety of deductions and to review the returns before they were submitted. All of the employees testified that they were data entry personnel and did not have the knowledge or training to determine whether deductions were proper. Further, Goosby's claim that he did not prepare returns, aside from the one he admits to, is contradicted repeatedly by the taxpayers' testimony.

A defendant may be convicted under § 7206 even if his involvement in the preparation of certain returns was minimal. *See United States v. Searan*, 259 F.3d 434 (6th Cir. 2001). In *Searan*, a mother and son operated a tax preparation business. *Id.* at 438. The son was convicted under § 7206 and argued there was insufficient evidence to support the conviction. *Id.* at 443. Although the evidence showed that his mother had prepared and signed most of the returns and sometimes even spoke with taxpayers outside his presence, we upheld the son's conviction because "he actively

participated . . . by assuring victims of his and his mother's competency to file tax returns, particularly returns containing allegedly legitimate 'deductions' known to few other people." *Id.* at 445.

In this case, the similarity in the type of false deductions claimed on most of the tax returns is strong circumstantial evidence that the defendant willfully submitted tax returns containing false statements. Viewing the evidence in the light most favorable to the government, the jury could find beyond a reasonable doubt that Goosby was responsible for submitting the tax returns with numerous false deductions and that his actions were willful.

### 2. Materiality

Goosby's second contention involves the requirement that the return be "fraudulent or false as to a material matter." *Sassak*, 881 F.2d at 278. He argues that the government failed to prove the returns were materially false and that it was error for the district court to submit the issue of materiality to the jury. "When materiality is an element of the offense, it must be submitted to the jury." *United States v. Kone*, 307 F.3d 430, 436 (6th Cir. 2002). Therefore, the district court did not err in submitting the question of materiality to the jury.

Goosby acknowledges that the government presented evidence of materiality at the sentencing hearing, but he argues there was no such proof at trial. However, the evidence at trial established that most of the taxpayers had been audited or filed amended returns, and they paid or owed additional money to the IRS as a result of the false statements. Further, some of the false deductions were so large or inflated, *e.g.*, the approximately $162,000 of gambling losses, that they were obviously material. Therefore, sufficient evidence was presented at trial to prove that the tax returns contained materially false statements.

### B. Evidentiary Ruling on Gibeault's Testimony

Goosby filed a pre-trial motion in limine that sought to prohibit the testimony of Investigative Analyst Gibeault. The district court allowed Gibeault's testimony. Goosby argues that the testimony was inadmissible hearsay and that it was in violation of the Sixth Amendment Confrontation Clause, FRE 404(b), and FRE 403. We review the evidentiary rulings of the district court for abuse of discretion. *United States v. Lloyd*, 462 F.3d 510, 516 (6th Cir. 2006).

We have allowed similar background testimony in other contexts. In *United States v. Aguwa*, DEA agents were permitted to testify about information they received from an informant, which precipitated a controlled purchase of heroin from the defendant. 123 F.3d 418, 421 (6th Cir. 1997) ("The statements were not offered 'for the truth of the matter asserted,' *see Fed. R. Evid.* 801(c), but only to provide background information and to explain how and why the agents even came to be involved with this particular defendant."). As in *Aguwa*, the testimony here was limited to "constructing the sequence of events" in the investigation and did not directly implicate the defendant in criminal activity. *Id.* (brackets omitted). Likewise, the purpose of Gibeault's testimony was to provide background information about the investigation, not to discuss the character or prior bad acts of the defendant; thus, FRE 404(b) is not implicated. There is also no Confrontation Clause violation because Gibeault did not make statements that would be characterized as testimonial hearsay. *See Davis v. Washington*, 126 S. Ct. 2266, 2273-74 (2006).

Goosby's final evidentiary argument is that Gibeault's testimony violates FRE 403 because its prejudicial effect outweighs its probative value. The only statement by Gibeault that approaches having an unduly prejudicial effect is that he was able to find fifteen returns with a suspicious ratio "very quickly." However, that statement was not before the district court when it ruled on the

motion in limine and cannot be considered in determining whether the district court abused its discretion in denying the motion.[1]

### C. Jury Instruction on IRS Publications

At trial, IRS Agent Janet Cunningham testified about how a taxpayer can properly claim the deductions seen repeatedly on the returns involved in the indictment. The government also introduced various IRS publications into evidence. During Cunningham's testimony, the court gave a limiting instruction to make it clear that a violation of IRS rules or regulations "is insufficient to establish criminal conduct." At the conclusion of the trial, Goosby requested the following jury instruction regarding the evidence on IRS rules, regulations, and publications:

> The violations by the defendant, Gregory D. Goosby, of the rules, regulations, or directives set out in the publications of the Internal Revenue Service are not evidence or proof that the defendant committed the criminal acts alleged in the indictment. The defendant is not on trial for any acts or crimes not alleged in the indictment.

However, the district court agreed with the government that the IRS publications could be considered as "some evidence" that the defendant violated § 7206. The court ultimately gave an instruction similar to the one requested by Goosby, except it included the following sentence: "*You may consider them in deciding whether or not the crimes were committed*, but violation of the IRS rules and regulations alone is insufficient." (emphasis added).

Goosby asserts that the instruction given by the district court was an incorrect statement of the law. Because Goosby did not object to the instruction, we review the refusal to give his requested instruction for plain error. *United States v. Blood*, 435 F.3d 612, 625 (6th Cir. 2006). Even if an error occurred here, there is no basis to find that its "adverse impact seriously affected the fairness, integrity or public reputation of the judicial proceedings," *United States v. Koeberlein*, 161 F.3d 946, 949 (6th Cir. 1998), particularly where the district court's instruction emphasized that a violation of the IRS rules and regulations would not establish a criminal violation. Therefore, the district court did not commit plain error.

### D. Sentencing

We review the district court's sentencing decision for reasonableness. *United States v. Liou*, 491 F.3d 334, 337 (6th Cir. 2007). Goosby appeals his sentence on both procedural and substantive grounds. Procedurally, he challenges the district court's determination of sentence enhancements. Findings under the Sentencing Guidelines that increase a defendant's sentence must be based on reliable information and supported by a preponderance of the evidence. *See United States v. Yagar*, 404 F.3d 967, 972 (6th Cir. 2005). The district court's factual findings regarding the amount of tax loss and obstruction of justice enhancement are reviewed for clear error. *See United States v. Burke*, 345 F.3d 416, 428 (6th Cir. 2003).

Goosby contends that it was improper to calculate the tax loss based on Agent McElroy's interviews with taxpayers who were not cross-examined and whose reliability was not investigated. However, we have previously upheld a calculation of tax loss based on IRS interviews with taxpayers. *See United States v. Redmond*, 188 F. App'x 377, 382 (6th Cir. 2006) (unpublished opinion). Goosby also appeals the district court's decision to apply an enhancement for obstruction of justice under USSG § 3C1.1. Conduct that gives rise to the obstruction of justice enhancement includes committing perjury. USSG § 3C1.1 cmt. n.4. In light of Goosby's testimony, which was

---

[1] Goosby did not raise or renew his FRE 403 objection when Gibeault testified at trial regarding how quickly he found the sample of fifteen suspicious returns.

contradicted in material respects by the taxpayer witnesses and Agent McElroy, the district court did not clearly err in determining that the obstruction of justice enhancement should apply. *See Redmond*, 188 F. App'x at 381 (quoting *Regalado v. United States*, 334 F.3d 520, 524 (6th Cir. 2003)) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.").

Finally, Goosby argues that the sentence imposed is substantively unreasonable under 18 U.S.C. § 3553(a). Because of his stable home life, prior military service, and lack of a criminal record, Goosby contends that he should have been sentenced to a term of probation. However, the district court's imposition of a 46-month term of imprisonment is within the properly calculated Guidelines range of 41 to 51 months. This court has applied a "'rebuttable presumption of reasonableness' to sentences falling within the applicable Guidelines range." *Liou*, 491 F.3d at 337. In this case, the district court clearly considered Goosby's history and explained its decision to impose a sentence within the Guidelines range. That sentence was reasonable.

AFFIRMED.